THE CHIPPEWA LUMBER COMPANY v. DANIEL TREMPER.

*Deed—Condition prohibiting sale of intoxicating liquor—Public policy—Monopoly—Ejectment.*

1. The right of a grantor to convey land on condition that the grantee shall not sell liquor upon the premises, coupled with a provision that in case of such sale the land shall revert to the grantor, who shall at once take possession thereof, cannot be denied, and is within the public policy of this State (*Smith v. Barrie*, 56 Mich. 314; *Watrous v. Allen*, 57 Id. 362); but courts will not enforce such condition if inserted for a dishonest purpose, and to enable the grantor to obtain a monopoly of the prohibited business.

2. In an action of ejectment by a corporation to enforce such a condition, it is competent for the defendant to show that a firm, of which plaintiff's sole business manager is a member, is engaged in the unlawful sale of liquor as a beverage, to the knowledge of such manager, in the same village with defendant, from which facts, if proved, the jury would be justified in finding that the plaintiff acquiesced in such sales, and desired to secure a monopoly of the business, all of which would be a perfect defense to the action.

3. In such a case the fact that said firm was allowed to sell liquor without molestation, and with the assent or implied consent of plaintiff, would naturally be considered by the defendant as a waiver of the condition for its non-sale attached to the sale of lands in the village, and he would have a right to act upon such evidence of waiver until notified to the contrary.

Error to Mecosta. (Fuller, J.) Argued April 3, 1889. Decided June 7, 1889.

Ejectment. Defendant brings error. Reversed. The facts are stated in the opinion.

*Glidden & Bates,* for appellant.

*M. Brown,* for plaintiff.

MORSE, J. The Chippewa Lumber Company platted the village of Chippewa Lake, in Mecosta county. They inserted in all their contracts and deeds of lots sold the following clause:

"This conveyance is made upon the express condition that the said party of the second part, his heirs and assigns or lessees, shall not, for the term of thirty years from [the date of the conveyance was here inserted], sell, give away, or dispose of, in any way whatsoever, upon said premises or any part thereof, intoxicating liquors or drinks of any kind whatsoever; and it is mutually covenanted and agreed between the said parties hereto, their heirs, successors, and assigns, that these conditions are for the benefit of the said party of the first part, its successors and assigns, and if the condition is not fully observed by the said party of the second part, his heirs, assigns, and lessees, the said party of the first part shall at once take possession of the premises above described, which revert to and belong to the party of the first part."

Harvey P. Wyman was the secretary, treasurer, and manager of the plaintiff corporation, and the person who procured the insertion of this clause in the conveyances, as he testifies, for the benefit of the corporation, as the company employed a large number of men there in the mills, and, if saloons were permitted in the village, these men would "get

tight," and would cause large expense and trouble in the management of the business of the company. He testified that he was the only member of the board of directors of the corporation who had any active part in the management of the business at Chippewa Lake.

April 25, 1885, the company deeded lot 2 of block 7, in said village, to Robert Gales. Gales subsequently conveyed the same premises to the defendant.

The plaintiff brought ejectment in the circuit court for the county of Mecosta, claiming a violation of the condition against selling intoxicating liquor, which was contained in the deed to Gales, and also in his conveyance to defendant, and had verdict and judgment in its favor. Evidence was given on the part of the plaintiff tending to show that defendant kept a saloon and sold liquor upon the premises, being licensed to do so under the existing laws in this State.

This was not rebutted by the defendant, but in his defense he sought to show the following facts, looking, as he claimed, towards a waiver upon the part of the plaintiff of the condition of forfeiture in the deed:

That the firm of H. P. Wyman & Co. was engaged in selling liquors in the village of Chippewa Lake; that intoxicating liquor was sold in their drug-store right along as a beverage; that the firm had been fined once for the sale of such liquor; that Wyman knew of such sales; that when one Dr. Clark was about to start another drug-store in the village Wyman told him a second drug-store could not live; that such a store could not succeed without selling whisky; and that, although he could not keep Clark from opening a drug-store, he could and would prevent his selling liquor.

Wyman testified that the plaintiff corporation was not interested in the drug-store of H. P. Wyman & Co., but admitted that he was.

The court ruled out this proposed testimony, and submitted the case to the jury upon the simple proposition that, if

they found the defendant had sold intoxicating liquor or given it away on the premises, their verdict must be for the plaintiff.

The selling or giving away of intoxicating liquors in this State is a lawful business, if carried on in conformity to the statutes of this State governing the traffic in intoxicating drinks. It was not shown that the defendant had violated any law in the sale of liquor.

It does not seem to me that the Chippewa Lumber Company could, in the platting and sale of lots in the village of Chippewa Lake, so convey the lots as to grant for 30 years in effect a monopoly of the sale of liquor in themselves or any other person or persons. This would be contrary to public policy.

A jury would have the right to infer that the knowledge of H. P. Wyman that his firm was selling liquor in the village, and his participation in the same, was known to the plaintiff corporation, and consented to by it, since H. P. Wyman, one of the firm so selling intoxicating liquors, was the sole business manager of the plaintiff at Chippewa Lake, and holding two of its principal offices.

A jury would, from the facts offered to be shown, have been justified in finding that the plaintiff corporation was willing that H. P. Wyman should sell liquor, not only lawfully, but unlawfully, in Chippewa Lake, and was determined that no one else should lawfully dispense intoxicating drinks; thus creating a monopoly in the business to said H. P. Wyman & Co.

I am satisfied that no forfeiture of lands under the condition in defendant's deed, or the deed to his grantor, ought to be permitted for any such purpose, and that the facts offered, if proved, would have been a perfect defense to this action.

The testimony was also admissible for another reason.

The fact that Wyman & Co. were permitted to sell liquor without molestation, and with the assent, or implied consent, of plaintiff, would naturally be considered by the defendant as a waiver of the condition attached to the sale of lands in said village.    And he would have a right to act upon such evidence of waiver until he received notice to the contrary.

He would not be obliged to presume that the corporation intended to create a monopoly in itself, or one of its members, to sell liquors, which monopoly the law would not permit; and, under the circumstances as they naturally appeared to him, he could not be at once deprived of his land without notice.    He was entitled to some claim or intimation on the part of the company that they intended to act differently towards him than towards others before he could be proceeded against in ejectment for a forfeiture under this condition against the sale of liquors.

I do not wish to be understood that the carrying on of a lawful business as a druggist, with no sales of liquor, except within the law, by the plaintiff or H. P. Wyman, would prevent an enforcement of the condition in the deed to defendant's grantor; but if it is shown that liquor has been sold unlawfully by H. P. Wyman & Co., as was proposed to be shown on the trial below, with the knowledge and consent of H. P. Wyman, the manager of plaintiff, at Chippewa Lake, while at the same time the said Wyman showed an intention to prevent, under the condition in the deeds to others, the sale of liquor by any one else in the village, whether such sale was lawful or unlawful, then the forfeiture of defendant's estate for a breach of this condition will not be permitted by the law, as it would be in restraint of trade, and the creation of a monopoly, and against public policy.    It would then also appear that the alleged benefit of this condition to the company in preventing the sale of liquor to its mill-hands was not the reason of the insertion of such con-

dition, or for its enforcement, but that the condition was for the purpose of profit to the company or its manager in the exclusive sale of liquor in the village.

Neither do I think that the company or H. P. Wyman could open a saloon under the tax-law, and enforce these conditions in the conveyances against all other persons, even if the sales of liquor in such saloon were kept strictly within the law.

I am well satisfied that it would be against public policy to permit the owner of a village plat to insert a condition in the conveyances of his lots that no bread should be sold upon the premises for 30 years, in order that he might himself have a monopoly in the village in the sale of bread.

Liquor is not a necessity, like bread, and is generally regarded as of damage to the general community; but I know of no good reason why a person should be permitted to have a monopoly in selling poison to a community any more than food, unless it be that no other person can be found fit to handle and dispense it. I do not believe, however, that any man or company should be permitted by the law, and aided by the courts, to create a monopoly in himself, either in the sale of bread or whisky.

The right to insert such a condition as the one in this case, for an honest and beneficial purpose, cannot be denied, and is within the public policy of this State. *Smith v. Barrie,* 56 Mich. 314 (22 N. W. Rep. 816); *Watrous v. Allen,* 57 Id. 362 (24 N. W. Rep. 104).

But courts will not enforce such a condition inserted for a dishonest purpose, and to the end that the grantor may thereby obtain a monopoly in any business, and all others be restrained therefrom; and there can be no difference in this regard whether the business so sought to be centered in one person in a community is one acknowledged by every one to be of great benefit to mankind, or one regarded by many good people of detriment to the community, provided both

are lawful; and certainly one cannot ask a court of justice to enforce such a condition as this against a person selling liquor otherwise lawfully, that he may reap the benefit of unlawful sales. Courts will not enforce forfeitures of estates for any such purposes.

The judgment of the court below must be reversed, and a new trial granted, with costs of this Court to defendant.

The other Justices concurred.