GEORGE W. JENKS v. FRANK PAWLOWSKI AND FRANK S. PAWLOWSKI.

*Deed—Condition subsequent—Restrictions upon use of premises— Intoxicating liquors—Waiver by grantor.*

1. Restrictions in a deed upon the right of the grantee to sell intoxicating liquors on the premises are sustained upon the theory that a party has the right, in disposing of his property, to prevent such a use by the grantee as might diminish the value of remaining land, or impair its eligibility for other uses; citing *Watrous v. Allen,* 57 Mich. 362; *Smith v. Barrie,* 56 Id. 314.

2. If the grantor afterwards conveys an adjoining lot without such restrictions, and thus diminishes the value of the property conveyed to the first grantee, and impairs its eligibility for other uses, converting the locality into a saloon locality, he will not be allowed to insist upon the restrictions in the first deed; citing *Lumber Co. v. Tremper,* 75 Mich. 36.

3. It is no answer to say that the omission of the restrictions from the second deed was a mistake, the consequences to the former grantee being the same, and no proceedings having been taken for its correction.

Appeal from Huron. (Beach, J.) Argued November 15, 1893. Decided December 8, 1893.

Bill to enjoin the sale of intoxicating liquors on premises conveyed subject to condition against such sale. Defendants appeal. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*Elbridge F. Bacon,* for complainant.

*John F. Murphy* (*William T. Mitchell,* of counsel), for defendants.

McGRATH, J. This is a bill to enjoin the sale of intoxicating liquors upon premises in the village of Sand Beach,

conveyed by complainant and another to Frank Pawlowski's grantor by deed dated October 2, 1883, which contained the following provision:

" This conveyance and estate in the said premises hereby created is subject to the express condition that if the said party of the second part, their heirs or assigns, shall at any time sell or keep for sale, or knowingly permit any person under them so to sell or keep for sale, any spirituous or intoxicating liquors, whether distilled or fermented, the entire title and estate in and to said premises hereby conveyed and created shall cease, and the title in and to said premises shall thereupon at once revert to and vest in the parties of the first part, their heirs and assigns, forever, and it shall then be lawful for the said parties of the first part, their heirs or assigns, to re-enter upon said premises, and said party of the second part, their heirs or assigns, and every person claiming under him or them, wholly to remove, expel, or put out."

Prior to the date of the deed in question, complainant had conveyed several parcels of land in the village to other parties without restriction. The last of these deeds was dated May 20, 1883. It also appears that on January 24, 1885, complainant conveyed a parcel of land adjoining the premises in question to one Lowry by deed without restriction, and that Lowry, from 1888 and down to the time of the hearing, has kept a liquor saloon upon the premises so conveyed. Defendant Frank Pawlowski operated a meat market on his premises until August, 1891, since which time his son has kept a saloon therein. Until years after the establishment of the Lowry saloon, defendant had observed the conditions of his deed.

Restrictions of this class are sustained upon the theory that a party has the right, in disposing of his property, to prevent such a use by the grantee as might diminish the value of remaining land, or impair its eligibility for other uses. *Watrous v. Allen,* 57 Mich. 362; *Smith v. Barrie,* 56 Id. 314. But is there no mutuality in such agreements? It certainly cannot be said that a grantor has the right

afterwards to sell an adjoining lot without restrictions, and thereby diminish the value of his former grantee's property, and impair its eligibility for other uses, converting the locality into a saloon locality, and still be allowed to insist upon the restriction. The damage to defendant's property by the permission and existence of Lowry's saloon is quite as apparent as that to complainant by reason of his ownership of a hotel and his residence in the same block. *Chippewa Lumber Co. v. Tremper,* 75 Mich. 36.

It is no answer to say that the omission of the restriction in the deed to Lowry was a mistake. The consequences are the same to defendants. No proceedings have been taken to correct such mistake.

The decree below must be reversed, and the bill dismissed.

LONG, GRANT, and MONTGOMERY, JJ., concurred with McGRATH, J. HOOKER, C. J., concurred in the result.