## FRINK *v.* HUGHES.

1. DEEDS—BUILDING RESTRICTIONS—DWELLING HOUSE.
   A provision in a deed that nothing but a dwelling house shall be built on the premises conveyed excludes the erection of a photograph gallery.

2. SAME—INJUNCTION.
   Such a provision, contained in a deed given by the proprietor of a plat, is enforceable in equity at the suit of another grantee from the same grantor, although other lots in the plat have been conveyed free from such restriction; it appearing that the owners of the latter have thus far observed the restriction, so that there has been no departure from the general scheme.

3. SAME—DECREE—MODIFICATION.
   In such case, a provision in the injunctive decree, giving defendant the right to apply for a modification as the conditions may change, sufficiently protects his rights.

Appeal from Wayne; Rohnert, J.   Submitted October 15, 1902.   (Docket No. 66.)   Decided April 28, 1903.

Bill by John H. Frink and Annie Z. Frink against J. Wesley Hughes to enjoin the violation of a building restriction in a deed.   From a decree for complainants, defendant appeals.   Affirmed.

*T. T. Leete, Jr.*, for complainants.

*Buell, Culver & Shepherd* (*Frank E. Robson*, of counsel), for defendant.

MONTGOMERY, J.   Joseph R. McLaughlin, Bela Hubbard, and John E. King platted a portion of lots 4 and 5 of quarter section 44, Ten Thousand Acre tract, of Wayne county.   The property is bounded by Woodward avenue upon the west, Holbrook avenue upon the north, Alger avenue upon the south, and is crossed by John R. street and Brush street, running north and south.   King avenue runs easterly from Woodward avenue through substantially the center of the plat.   The complainants purchased lot 40 of this subdivision by contract in 1896, which was afterwards fulfilled by deed, which contained a provision that nothing but a two-story dwelling house and the necessary outbuildings should be erected upon this lot, and that such dwelling house should be set not less than 20 feet from the front line of the lot.   The defendant, Hughes, is the owner of lots 37 and 38.   His title deeds contain a restriction providing that nothing but a two-story dwelling house costing not less than $3,000, set on a brick or stone foundation, shall be erected on the lots, and that the dwelling house shall be set not less than 20 feet from the front line of the lots,—a provision very similar in terms to that contained in complainants' deed.   There is one intervening lot,—lot 39,—which is subject to similar restrictions.   Lot 36, to the east of defendant's lots, also is held under similar restrictions.   The evidence shows that portions of this plat were conveyed by deeds not containing restrictive clauses such as those inserted in the deeds of the present parties, but it is fairly to be inferred that the general plan of confining the use of the property to residential purposes was understood by all purchasers.

January 11, 1902, defendant, Hughes, commenced the erection on the southeast corner of lot 37 of a photograph gallery or studio.   The defendant had been engaged in the business of commercial photography, consisting of making photographs for sale, and had his studio near the business center.   The present building was started with the view of carrying on that business therein.   The circuit judge decreed that the defendant be restrained from fur-

ther proceeding to construct the building in question, and that he be restrained from carrying on the business, but provided that, on application of either party, this decree might be modified when, in the opinion of the court, circumstances and conditions had so changed that equity and justice should require such modification. From this decree defendant appeals.

In the case of *Watrous* v. *Allen*, 57 Mich. 362 (24 N. W. 104, 58 Am. Rep. 363), this court laid down the rule that a deed containing restrictive clauses such as that here considered could be enforced. In *Whitney* v. *Railway Co.*, 11 Gray, 359 (71 Am. Dec. 715), it was said of such provisions:

"The purpose of inserting them in the deed is manifest. It was to prevent such a use of the premises by the grantee and those claiming under him as might diminish the value of the residue of the land belonging to the grantor, or impair its eligibility as sites for private residences. * * * Nor can there be any doubt that, in whatever form such a restraint is placed on real estate by the terms of a grant, whether it is in the technical form of a condition or covenant, or of a reservation or exception in the deed, or by words which give to the acceptance of the deed by the grantee the force and effect of a parol agreement, it is binding as between the grantor and the immediate grantee, and can be enforced against him by suitable process, both in law and equity."

It is also conceded that such provisions inure to the benefit of the grantee of the original grantor. But it is contended in the present case, first, that the structure in .question does not come within the restriction. We think it very clear that this building is not such a building as is contemplated by the clause in question, and is clearly not a dwelling house, and falls within the restrictive clause of the deed. It is contended, also, that the complainants have been guilty of such laches as bars them from the right to bring this action. We do not so find the fact.

The principal question discussed on the argument, and the one which has given us the greatest difficulty, is as to

the effect of the fact that McLaughlin and his associates granted title to some of the lots on this plat and in the neighborhood of the lot in question by title deeds not containing restrictive clauses. The defendant contends that these restrictive clauses are only available because the original plan was a plan to exclude everything but residences from these lots, and that, as the grantors have made title to lots without inserting these restrictive provisions, the scheme has failed, and that purchasers have the right to disregard their covenants. If this be true, it must be because equity relieves the defendant from the performance of a plain duty which he assumed at the time of accepting this grant. Why should equity grant such relief from this contract ? The complainants stand bound by their contract equally with the defendant, and bought in view of the purpose of excluding everything but residences on this property. It would certainly be inequitable to bar them of a right of enforcing this agreement on the part of the defendant by any act of his grantor, and, unless the defendant has some superior equity to be relieved of his contract, the court should hesitate to relieve him.

In a class of cases we have held that, where the grantor has subsequently made grants to others without restriction, and under such grants the purposes of the original restriction have been frustrated as a matter of fact at the time the bill is filed, no relief will be granted. This question has been raised in this State in construing provisions restricting parties from selling intoxicating liquor on premises. *Chippewa Lumber Co.* v. *Tremper,* 75 Mich. 36 (42 N. W. 532, 4 L. R. A. 373, 13 Am. St. Rep. 420); *Jenks* v. *Pawlowski,* 98 Mich. 110 (56 N. W. 1105, 22 L. R. A. 863, 39 Am. St. Rep. 522). In both these cases not only had there been a subsequent grant without restriction, but the grantees had engaged in the sale of intoxicating liquors, so that the purpose of excluding that business from the community was frustrated. Such is not the case here, however. Although some of these lands have passed out of the original grantor by conveyances not containing

the restrictive clause, yet they have passed into the hands of parties who have thus far observed the original purpose. There has been in fact no substantial departure from the original scheme as to the entire plat. The defendant has not, therefore, had his property subjected to any diminution in value because of the departure from such scheme. More than this, as to such restrictions as are contained in this deed, it does not necessarily follow that, because the restrictive covenant is not inserted in deeds of *all* the property on this entire plat, therefore this restrictive clause is of no effect. As was said in *Clark* v. *Martin*, 49 Pa. St. 298, in referring to such a question as this:

"It was objected at the argument that this remedy applies only as a means of compelling an observance of the terms involved in a general plan of lots, and this element actually exists in about half of the cases just cited; yet they are not decided on that consideration. It is not because a plan is deranged that the court interferes, but because rights are invaded, or about to be; and this fact may exist in a plan of two lots as well as in one of two hundred. The plan often furnishes the proof of the terms on which sales were made, but the fact of the alleged terms is as effective when proved by a single deed as when proved by a plan."

We find it unnecessary to determine whether, if the failure of restriction had in fact resulted in the building up of business blocks on other portions of King avenue, this would have relieved the defendant of his obligation. We think the decree of the court below has sufficiently protected the defendant when, by its terms, it has left it open to him to bring to the attention of the court any changed conditions in the property which may take place at a later day.

The decree will be affirmed, with costs.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.