[Civ. No. 339.   Second Appellate District.—April 15, 1907.]

JOSEPH BROWN, Appellant, v. HENRY WRIGHTMAN et al., Respondents.

DEEDS—CONDITIONS—WAIVER OF FORFEITURE—GRANTS WITHOUT RESTRICTION.—A forfeiture provided for in a deed upon breach of conditions or restrictions against the carrying on of specified business thereon is waived by grants of adjoining portions of the tract by the same grantor, containing no conditions or restrictions.

APPEAL from a judgment of the Superior Court of San Bernardino County.   Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Byron Waters, and Henry Conner, for Appellant.

T. J. Norton, E. E. Milliken, and Gill & Densmore, for Respondents.

TAGGART, J.—Appeal from a judgment in favor of defendants.   Appellant contends that the findings of fact made by the superior court entitle him to judgment against the defendants as prayed for in his complaint.

A summary of the findings of fact material here shows: That on the fourteenth day of December, 1886, plaintiff sold and conveyed to defendants' predecessors in title forty-five acres of land, adjoining the town of San Bernardino.   The deed of conveyance contained the following condition: ''This grant is made upon the following expressed condition subsequent, to-wit: That there shall never be conducted upon said premises or any part thereof the business of selling intoxicating liquors at retail, nor shall there ever be kept or maintained upon said premises or any part thereof any bawdy house, house of illfame or house of prostitution, and in case of the happening of either said events then this grant to cease and be void.''

At the time of such sale and conveyance plaintiff owned and resided and still continues to reside, upon a tract of fifteen acres of land lying immediately west of said forty-five acre tract with only the width of a street intervening.   At the time of said conveyance the district in which said two tracts of land were situated was a residential district and free from the business and houses of the character mentioned in the said condition.   But in the years between 1891 and 1900 plaintiff sold portions of the tract of land so retained by him to various parties without restricting or limiting the use of the premises, and that said parties to whom the said portions were so conveyed established and maintained and continue to maintain thereon, with full knowledge, consent and acquiescence of plaintiff, houses of prostitution and places where intoxicating liquors are sold at retail.   And plaintiff during said

years himself leased to persons conducting houses of prostitution and carrying on a retail liquor business houses located on said fifteen acre tract, understanding that they were to be used for such purposes. And said district in which both of said tracts of land were situate ceased to be a respectable residence neighborhood, and before the year 1902 became a district wholly devoted to places of lewd resort, houses of prostitution and retail liquor business, and that plaintiff directly, knowingly, and deliberately contributed to and acquiesced in such change.

On October 28, 1902, the defendant, the South San Bernardino Land and Improvement Company, sold four lots in said forty-five acre tract to defendant Miller, who erected thereon two cottages, which have been occupied since about January 1, 1903, by the two defendants, Bertha Smith and B. Flores, who have conducted bawdy-houses therein and used said houses as places of prostitution and for the sale of intoxicating liquors at retail.

Plaintiff brought this action to have the court declare a forfeiture of title to the forty-five acre tract under the condition above set out and for restitution of the possession of the premises.

The trial court held that plaintiff had waived his right to claim a forfeiture of any part of said lands, and that he was estopped by his own acts from complaining of the violation of the condition by his grantees or their successors in interest, by reason of the transactions and business heretofore or that may hereafter be done or performed in violation of said condition on the lots conveyed to Miller as aforesaid. The statement of facts found compels the conclusion reached by the trial court.

As a reason why the plaintiff should not be devested of his right to a forfeiture of the lands in question, appellant contends that his conduct with reference to other lands can have nothing to do with his right to the lands conveyed upon condition. The description of the two tracts as shown by the numbers of lots and blocks show them to consist of contiguous portions of the Rancho San Bernardino, and parcels of the same lands. But conceding them to have been held by different title, we are not aware of any rule which considers the place of the act constituting the waiver or estoppel if the act be such as to cause the result upon which the waiver or estoppel depends. No authority has been called to our at-

tention which would permit the plaintiff to render it impossible to fulfill the purpose for which the condition subsequent was placed in the deed, if the act by which this was accomplished were done on one side of the street, while he would not be permitted to do so if the act were done on the other side of the street. This attempted distinction "sticks in the bark."

The authorities cited by appellant declare the rule that forfeitures are not favored by the courts, and that conditions providing therefor are to be construed liberally in favor of the holder of the estate, and strictly against the enforcement of the forfeiture. (*Quatman* v. *McCray,* 128 Cal. 285, [60 Pac. 855]; see, also, *Reclamation Dist.* v. *Sels,* 145 Cal. 184, [78 Pac. 638].)

The waiver and estoppel found by the superior court are sustained by numerous cases. In *Duncan* v. *Central Pass. R. R. Co.,* 85 Ky. 525, [4 S. W. 231], the restrictions were inserted in the deed of plaintiff to the defendant to carry out a general plan of selling the property for residence purposes only. Subsequent sales of lots in the tract without such restrictions were held to constitute a waiver or abandonment. The court says: "A contract, the fulfillment of which becomes unreasonable, will not be enforced at the instance of a party who by his own conduct has produced such a result."

In *Jenks* v. *Pawlowski,* 98 Mich. 110, [39 Am. St. Rep. 522, 56 N. W. 1105], it is said: "Restrictions of this class are sustained upon the theory that a party has the right, in disposing of his property, to prevent such a use by the grantee as might diminish the value of the remaining land, or impair its eligibility for other uses. But is there no mutuality in such agreements? It certainly cannot be said that a grantor has the right afterward to sell an adjoining lot without restrictions, and thereby diminish the value of his former grantee's property and impair its eligibility for other uses, converting the locality into a saloon locality, and still be allowed to insist upon the restriction."

In *Chippewa* v. *Tremper,* 75 Mich. 36, [13 Am. St. Rep. 420, 42 N. W. 532], the restricting condition on which the forfeiture was asked applied only to the sale of intoxicating liquors. Held, that evidence of the sale of liquors by one of plaintiff's officers in a building erected upon an adjoining lot to that of defendant was admissible to show a waiver of

the condition by plaintiff, and, also, as tending to show an effort upon plaintiff's part to create a monopoly, and that a court of equity would not lend its aid to create a monopoly in selling poisons any more than it would in the selling of foods or other necessaries.

These authorities appear to be directly applicable here and sustain the conclusions and judgment of the trial court.

The judgment affirmed.

Allen, P. J., and Shaw, J., concurred.