[Civ. No. 811.   Second Appellate District.—May 18, 1910.]

## S. W. RAND, Respondent, v. COLUMBIAN REALTY COM-PANY, a Corporation, Appellant; COLUMBIAN IN-VESTMENT COMPANY, a Corporation, Codefendant.

PLEADING—INDEBITATUS ASSUMPSIT—MONEY HAD AND RECEIVED—"USE OF PLAINTIFF" NOT AVERRED—EXPRESS PROMISE.—In pleading a count of a complaint in *indebitatus assumpsit* for money had and received, the omission to aver that the money was received "to the use of the plaintiff" would be fatal were it not that the count alleges a direct promise of the defendant appealing to repay the money, which had the effect to make the count sufficient to state a cause of action.

ID.—DIFFERENT COUNTS BASED ON SAME TRANSACTION—ELECTION NOT REQUIRED.—Where all of the different counts of the complaint were based upon the same transaction, and had reference to the same identical sum of money, the court did not err in refusing to compel the plaintiff to elect between the counts.

ID.—FIRST COUNT BASED ON FRAUD—REPRESENTATIVE AGENCY IN OBTAINING MONEY—PROMISE OF APPELLANT—CAUSE OF ACTION.—Where the first count of the complaint was based on fraud between defendant corporations in obtaining money from plaintiff without consideration, under a contract with the investment company, used as representative agent of the realty company, under fraudulent representations, all of the money having been received by the realty company, which promised to pay the same, and did pay part but refused to pay the residue, such count states a cause of action against the realty company to compel payment of the residue.

ID.—INCONSISTENT FINDINGS—REVERSAL.—A general finding that the allegations made in the first count of the complaint were not sustained is inconsistent with findings in favor of the second count of *indebitatus assumpsit* based upon the same express agreement stated in the first count, which is found to be untrue, and such inconsistency is ground for reversal of a judgment based on the second count.

ID.—SUPPORT OF FINDING UNDER SECOND COUNT—PRESUMPTIVE NATURE OF EXPRESS AGREEMENT—DIRECT INCONSISTENCY.—The support of the finding under the second count of the complaint as to the express agreement, which must be presumed to be based upon sufficient evidence where there is any evidence in the record tending to sustain it, and there appearing to be but one agreement shown in the record, must rest upon the theory that the court determined under the evidence that the money was obtained either fraudulently and through misrepresentation, or by means of some agency or repre-

sentative of appellant. But this finding so supported is directly and absolutely inconsistent with the finding that no express agreement was made under the first cause of action, which related to the same facts and circumstances surrounding the transaction.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. E. S. Torrance, Judge rendering judgment. W. R. Guy, Judge denying new trial.

The facts are stated in the opinion of the court.

Wadham & Pritchard, for Appellant.

Cassius Carter, and Eugene Daney, for Respondent.

ALLEN, P. J.—The complaint as originally presented to the trial court contained five counts. The first thereof alleged that the defendants, the Columbian Realty Company and the Columbian Investment Company, were each regularly organized corporations carrying on business under the same management and control, acting jointly in real estate operations; that appellant was a solvent affair, while its co-defendant was wholly irresponsible; that appellant took the title to all property purchased by the investment company, paying the purchase price thereof; that this was in furtherance of a scheme through which the appellant was to acquire property without incurring liability on account of the purchase, and the investment company was to assume the obligations, thus effecting a fraud upon those with whom it contracted to purchase property or do business; that at the date named, under this arrangement and agreement, the investment company acquired an option to purchase certain premises in San Diego county, such option being taken in the name of the investment company, but, in fact, for the use and benefit of appellant realty company; that the investment company, pretending to be the owner of such option, contracted with plaintiff and his assignor to sell to them an undivided one-half of the land covered by said option for $17,500 part in cash and the balance in time; that when the cash payment came to be made, the same was made to the appellant under representations by the managing officers thereof that the two corporations were the same and that the invest-

ment company was a part and parcel of the realty company; that after the cash payment was made both corporations permitted the option to expire but that after the expiration of such option the realty company collected from plaintiff, who had no knowledge of the expiration of such option, a large amount of the purchase money; that thereafter, and after plaintiff became aware of the expiration of the option and the failure of consideration, he demanded a return of his money and the same was agreed to; that the written agreement to refund such money was signed by the investment company; that after such agreement was entered into the realty company repaid a large part of the money received, but refused to repay the sum of $7,839 and more, for which the suit was brought, it being made to appear that a part thereof was paid by plaintiff and a part thereof by the assignor of plaintiff.

The second cause of action was one in *indebitatus assumpsit,* alleging indebtedness to plaintiff for money had and received, with the additional allegation of an express promise to repay the same, the amount being similar to that mentioned in the first cause of action. In such count there was no allegation that the money was had and received to the use of plaintiff. The other remaining three counts in the complaint were obviously for the recovery of the same sum in different forms.

Demurrer was interposed to the complaint and each count thereof and overruled by the court; and it is insisted that the second count was insufficient, in that it omitted to allege that the money was had and received to the use of plaintiff. This omission would have been fatal were it not that the complaint contains an allegation of a direct promise to repay, which had the effect to state a cause of action. Motion to require the plaintiff to elect upon which count he would proceed at the trial was denied. All of the various counts in the complaint having reference to the same transaction, and being for the recovery of the identical sum, we see no error in the action of the court refusing to require an election.

Upon the trial of the action the court found that within two years last past the appellant became and was indebted to plaintiff and to his assignor in the sum named on account of moneys had and received of the said parties *as alleged in plaintiff's second cause of action;* found in favor of plaintiff

as to the assignment of the portion thereof as alleged; found that the appellant had repaid the money which had been repaid under the agreement; and further found that all other allegations of plaintiff's complaint, except those admitted by the answer of defendant realty company, are not sustained, and judgment went for plaintiff and against appellant upon the second cause of action alone.    Motion for a new trial was regularly filed, which was denied, and from the judgment and order denying a new trial the realty company alone appeals, the action having been dismissed by the court as to the investment company.

The record discloses that the evidence received upon the trial without contradiction showed facts and circumstances connected with the receipt of this money very similar to those involved in the case of *Thomas* v. *Moody,* 57 Cal. 215; but it will be observed that, notwithstanding the evidence, the trial court found against plaintiff upon the allegations of the first cause of action, which involved all facts upon which an agency might be predicated, the accuracy of which finding is not challenged.    The judgment rendered must, therefore, rest upon the sufficiency of the evidence to support the finding of the court that the appellant was indebted at the date named to plaintiff for money had and received, together with the promise of repayment.    At common law the common count for money had and received could be used to recover for money obtained by false and fraudulent representations. (1 Chitty's Pleadings, 364; *Minor* v. *Baldridge,* 123 Cal. 190, [55 Pac. 783].)    The promise to repay found by the court can only have support in the proposition that the money was received by appellant either directly or through an agency, or by one holding a representative relation, express or implied.    There could be no difficulty in determining from the record that the circumstances of this transaction were such as to establish the receipt of this money by appellant without consideration and in furtherance of a scheme to defraud, or through the investment company as its agent or title-holding branch, were it not for the general finding of the court that the allegations contained in the first cause of action were not sustained.    It is the duty, however, of an appellate court to sustain the judgment and support the findings of the trial court if there be any evidence in the record tending to sup-

port such findings. All presumptions are in favor of the correctness of the findings of the trial court and its conclusion. The finding that the money was received as alleged in the complaint, and the complaint alleging a contract of repayment, can only be supported upon the theory that the court determined under the evidence that the money was received fraudulently and through misrepresentation, or by means of some agent or representative as above suggested. This finding, however, which it must be presumed the court based upon the evidence in the record, is entirely inconsistent with the other finding in connection with the first cause of action which related to the same facts and circumstances surrounding the transaction. These two findings are so at variance that a reversal of the judgment is made necessary.

Judgment and order reversed and cause remanded for further proceedings.

Shaw, J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 17, 1910.