[L. A. No. 6541. In Bank.—September 21, 1921.]

## LOS ANGELES & ARIZONA LAND COMPANY (a Corporation), Respondent, v. WINIFRED F. MARR, Appellant.

[1] BUILDING RESTRICTIONS — CONDITION SUBSEQUENT — BREACH — DEFEAT OF TITLE.—Where a contract of sale of land and a deed executed in pursuance thereof both contained the "express condition," that "no residence, hotel, church or schoolhouse shall be erected or maintained on the property last above described of a less value than" a certain sum, and provided, further, that "in the event of a violation of any of these conditions or reservations this instrument shall become null and void, the grantee herein shall forfeit all right or title to said property and all interest therein shall revert without notice to the grantor herein," and that the stipulations should apply to and bind the heirs, executors, administrators, and assigns of the respective parties, the restriction clause must be construed as a condition subsequent, a breach of which may defeat the purchaser's title.

[2] ID.—RIGHT TO RECONVEYANCE—CONTINGENT ESTATE—TRANSFER-ABILITY OF.—A right to the reconveyance of property upon breach of a condition subsequent, such as reserved in the contract and deed in question, is a contingent estate which may be transferred.

[3] FINDINGS—SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE—ABSENCE OF.—In the absence of a specification of insufficiency of evidence to sustain a finding, it must be construed as binding and as warranted by the evidence adduced at the trial.

[4] CORPORATONS—FORFEITURE OF FRANCHISE—CONVEYANCES—FINDINGS.—In an action to forfeit title to land for breach of building restrictions, where the court found that a corporation predecessor in interest in the right had conveyed the right to sue for forfeiture and also found that this corporation had forfeited its franchise for failure to pay the license tax, the date not being found, however, and that the trustees of the corporation conveyed the right to plaintiff, there is a necessary implication that the conveyance by the corporation was executed before it forfeited its charter, for, where a corporation has failed to pay its license tax and a forfeiture of the charter has been declared, it thereupon ceases to be a corporation, and has no right to dispose of its property.

[5] FINDINGS—VARIANCE—LACK OF SUPPORT OF JUDGMENT.—Where the findings of material facts are at variance and irreconcilable, there is no showing that the facts found warrant or support the judgment rendered, and a reversal of the judgment is necessary.

[6] BUILDING RESTRICTIONS.—While conditions in a contract of sale of, and deed to, land, prohibiting the erection of a building thereon of less than a certain value and providing that in the event of a violation of the conditions or reservations there shall be a forfeiture of all right or title to the property and all interests shall revert to the grantor, are valid, they can be enforced only at the instance of one who has not waived his right to maintain such an action.

[7] ID.—WAIVER OF RIGHT—DEFENSE.—Waiver of the right to enforce such a building restriction is recognized as a valid defense to an action to enforce a forfeiture for breach of the condition.

[8] ID.—ERECTION OF PROHIBITED BUILDING—WAIVER OF BREACH.—In an action to declare a forfeiture of title to land for breach of a building restriction where the uncontradicted evidence showed that the building remained on the lot without objection for nearly three years and that about a year after the building was erected the seller accepted payment of the purchase price and delivered a deed of the property to the purchaser, with knowledge of the existence of the building and without complaint concerning the same, the evidence clearly established a waiver of the grantor's right to enforce a forefeiture.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

Winifred F. Marr, *in pro. per.*, for Appellant.

Goodrich & Martinson for Respondent.

LENNON, J.—Defendant appeals from a judgment in favor of plaintiff in an action to enforce a forfeiture of title to real property in the county of Los Angeles.

On July 11, 1910, the Verdugo Canyon Land Company entered into a contract with the defendant, Winifred Marr, for the sale to the latter of a vacant lot which was situated in a tract owned by the said company designated as "Tract No. 250." Defendant at that time entered into possession of the land and, on August 4, 1910, erected on the property a small cottage, which she still maintains thereon. Upon completing payment of the purchase price, on July 29, 1911, defendant received a deed to the property from the said Verdugo Canyon Land Company. Both the deed and the contract of sale in pursuance of which the deed was executed contained the "express condition" that "no residence, hotel, church, or schoolhouse shall be erected or maintained upon the property last above described of a less value than $2,000.00," providing, further, that, "In the event of a violation of any of these conditions or reservations, this instrument shall become null and void, the grantee herein shall forfeit all right or title to said property and all interest therein shall revert without notice to the grantor herein.

"And it is further understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators, successors and assigns of the respective parties."

Plaintiff, Los Angeles & Arizona Land Company, claims, and the trial court found, that plaintiff became and now is the owner of the right to sue for and enforce forfeitures against those who purchased property in tract No. 250 from said Verdugo Canyon Land Company in the event that they violate the conditions of their respective deeds. The trial court also found that plaintiff became and now is the owner of various lots in the vicinity of defendant's lot and has sold and conveyed to various other purchasers divers

and sundry other lots in said vicinity; that the restriction above quoted was imposed for the purpose of enhancing the value of those lots in the vicinity of defendant's lot which were owned by the Verdugo Canyon Land Company at the time of the deed to defendant; that the cost and value of the house on defendant's lot does not exceed the sum of $225, and that the said building is a detriment to the surrounding property. Apparently no complaint was made on account of the maintenance of the cottage on defendant's lot until the month of April, 1913, when plaintiff informed defendant of its intention to enforce the condition as to the value of buildings maintained upon the property and requested her to remove the cottage from the lot or to move it in the rear in the position of an outhouse. Defendant having refused to comply with the notice, plaintiff instituted the present action wherein it sought and obtained a decree that all defendant's right, title, and interest in and to the land in question was forfeited to plaintiff and that the deed to defendant was set aside and canceled. From this decree defendant appeals.

[1] At the outset it must be conceded that the uncompromising language of the deed to defendant requires that the building restriction clause above quoted be construed as a condition subsequent, the breach of which may defeat defendant's title. (*Firth* v. *Marovich,* 160 Cal. 257, [Ann. Cas. 1912D, 1190, 116 Pac. 729] ; *Werner* v. *Graham,* 181 Cal. 174, 179, [183 Pac. 945].) Whether the said restriction amounts also to a covenant and, if so, whether such covenant can be enforced by plaintiff or other owners of property in the vicinity of defendant's lot is immaterial for the purposes of the present suit, for plaintiff is not attempting to enforce a covenant for the benefit of neighboring lands. Upon the happening of a subsequent contingency, namely, the violation of the building restriction clause, defendant's interest in the land was to revert to the grantor, his heirs, successors or assigns; plaintiff takes the position that the subsequent contingency has occurred and, as assignee of defendant's grantor, brings the present suit for forfeiture.

[2] It is settled in this state that a right to the reconveyance of property upon breach of a condition subsequent, such as that reserved to defendant's grantor, is a contingent estate which may be transferred. (*Johnston* v. *City of Los Angeles,* 176 Cal. 479, [168 Pac. 1047].) However, an ac-

187 Cal.—9

tual transfer of the reversion or right of re-entry by succession, will or assignment is essential, and, in order to successfully sue for and enforce a reconveyance of the property in the instant case, it is incumbent upon plaintiff to prove the allegation of the complaint, denied in the answer, to the effect that the right of re-entry reserved to the defendant's grantor has passed to plaintiff by assignment. (*Werner* v. *Graham, supra; Hannah* v. *Southern Pac. R. R. Co.* (Cal. App.), 192 Pac. 304.) Upon this phase of the case the trial court found that "on or about December 8, 1911, the said Verdugo Canyon Land Company [defendant's grantor] sold and conveyed all its right, title, and interest in and to said tract 250 to the Fruit World Publishing Company, a corporation, together with its rights to enforce forfeiture for violation of the terms and conditions in said contracts and deeds made with its purchasers and that on or about July 29, 1912, the said Fruit World Publishing Company sold and conveyed all of its right, title, and interest in and to said tract No. 250 to the Verdugo Park Land and Water Company, a corporation, with like rights to enforce forfeiture." This finding, in strict accordance with the allegations of the complaint, is not specified in the bill of exceptions as unsupported by the evidence, nor attacked in any manner on this appeal. **[3]** In the absence of a specification of insufficiency of evidence to sustain the finding, it must be considered as binding and as warranted by the evidence adduced at the trial. (*Estate of Heaton,* 135 Cal. 385, 388, [67 Pac. 321]; *Realty & Rebuilding Co.* v. *Rea,* 184 Cal. 565, [194 Pac. 1024]; *Robben* v. *Benson,* 43 Cal. App. 204, [185 Pac. 200].) The court then finds that "said last-named corporation [Verdugo Park Land and Water Company] sold and conveyed all of its right, title, and interest in and to said tract No. 250 to plaintiff, *with like rights to enforce forfeitures.*" (Italics ours.) This finding is assailed in the bill of exceptions as unsupported by the evidence. The deed of said tract 250 from the Verdugo Park Land and Water Company to the plaintiff, which is the only evidence in the record on this question, expressly excepts defendant's lot, together with other lots in the tract which had previously been sold to individuals, from the operation of the deed and makes no mention whatever of rights reserved under previous sales of these lots or rights

to enforce forfeitures of such lots. There is, therefore, no evidence to support the finding that these rights were conveyed to plaintiff by the Verdugo Park Land and Water Company and, so far as appears from the record before us, the rights in question are still retained by the latter company. Necessarily it must be held that the finding to the effect that the Verdugo Park Land and Water Company transferred to plaintiff its right to sue for forfeiture of defendant's lot is wholly without support in the evidence.

But the plaintiff contends that, notwithstanding the insufficiency of the evidence to support this particular finding, nevertheless the trial court has made other findings of fact from which can be deduced the ultimate finding that plaintiff is the owner of the right to sue for and enforce a forfeiture against defendant. However, the remaining findings on this issue fail to sustain a judgment in plaintiff's favor. As previously stated, the trial court found that, on December 8, 1911, the Verdugo Canyon Land Company conveyed to the Fruit World Publishing Company all of the former's interest in and to the tract in question, including the right to enforce forfeitures. There is a subsequent finding that the Verdugo Canyon Land Company forfeited its charter for nonpayment of the annual license tax and has never been rehabilitated or revived (there being no finding of the date of forfeiture), that thereupon the directors of said corporation became its trustees with full power to settle its affairs and that said trustees, by deed dated December 10, 1913, conveyed to plaintiff all the said company's right, title, and interest in and to tract 250, including lot 54 (defendant's lot), and in the sales of lots made by it to purchasers, together with its right to sue for and enforce forfeitures of said lots. The court's failure to find the date upon which the charter of the Verdugo Canyon Land Company was forfeited was evidently due to an oversight, for blank spaces are left for the insertion of the dates. [4] Although there is no express finding of the date of the forfeiture of the charter, there is a necessary implication that the conveyance of December 8, 1911, to the Fruit World Publishing Company was executed by the Verdugo Canyon Land Company before it forfeited its charter, for, where a corporation has failed to pay its license tax and a forfeiture of the charter has been declared, it thereupon ceases to be a cor-

poration, and has no right to dispose of its property. (*New-hall* v. *Western Zinc Mining Co.*, 164 Cal. 380, [128 Pac. 1040]; *Aalwyn's Law Institute* v. *Martin*, 173 Cal. 21, [159 Pac. 158].) Consequently, any conveyance found to have been made by the Verdugo Canyon Land Company must have been executed prior to the forfeiture of its charter. This conclusion is confirmed by the fact that it appears from the certificate of the Secretary of State and Governor's proclamation, set forth in the bill of exceptions, that the charter was forfeited in November, 1912. If the Verdugo Canyon Land Company conveyed the right to enforce forfeitures of lots in tract 250, including defendant's lot, to the Fruit World Publishing Company in December, 1911, no such right remained in the former company at the time its charter was forfeited, no such right passed to its directors as trustees, and, therefore, the deed of the trustees to plaintiff in December, 1913, could not convey the aforesaid right. Obviously, the finding that the right to sue for a reconveyance of defendant's property was conveyed to plaintiff by the trustees of the Verdugo Canyon Land Company after that corporation had ceased to exist is inconsistent with the finding that the Verdugo Canyon Land Company itself conveyed the said right to the Fruit World Publishing Company, which, in turn, transferred the right to the Verdugo Park Land and Water Company. If the latter finding is true, then it would appear that the Verdugo Park Land and Water Company is now the owner of the right, in view of the insufficiency of the evidence to support the further finding that the Verdugo Park Land and Water Company conveyed the right to plaintiff. **[5]** The findings of material facts being thus at variance and irreconcilable, there is no showing that the facts found warrant or support the judgment rendered, and a reversal of the judgment is necessary. (*Manly* v. *Howlett*, 55 Cal. 94; *Learned* v. *Castle*, 78 Cal. 454, [18 Pac. 872, 21 Pac. 11]; *Estep* v. *Armstrong*, 91 Cal. 659, [27 Pac. 1091]; *Rand* v. *Columbian Realty Co.*, 13 Cal. App. 444, [110 Pac. 322].)

There is an additional reason for the reversal of the judgment. In her second amended answer defendant pleads that, in the month of July, 1911, the Verdugo Canyon Land Company, with knowledge of the existence of the building on defendant's lot, accepted defendant's final payment of

$1,350 and delivered to her a deed to the lot. These acts, defendant alleges, constitute a waiver and estop the said grantor, and those claiming under it, from seeking to enforce any forfeiture of title against defendant for the maintenance of the said building upon the lot. The conceded facts fully support this contention and justify defendant's claim that the evidence is insufficient to support the finding that defendant's lot is still subject to the building restriction, in so far as the present building is concerned.

[6]   While the validity of conditions of this kind is not questioned (*Los Angeles & Arizona Land Co.* v. *Marr*, 178 Cal. 244, [173 Pac. 83]), nevertheless, such condition may be enforced only at the instance of one who has not waived his right to maintain such an action. In the case of *Union Realty Co.* v. *Best*, 160 Cal. 263, 265, [116 Pac. 737, 738], it is said: "In so far as the covenant was made for the benefit of the grantor, who is alone complaining here, it might be waived, and the facts found establish a clear case of waiver. The argument of appellant that evidence of an oral understanding . . . cannot vary the terms of a written contract is not to the point. The facts pleaded in defense were not relied upon to prove that the agreement did not prohibit the construction of the building where located, but to establish a waiver of the covenant or an estoppel to rely upon it. Such waiver and estoppel may be shown by parol."

[7]   Waiver of such right is recognized as a valid defense to such an action. (*Brown* v. *Wrightman*, 5 Cal. App. 391, 393, [90 Pac. 467]; *Quatman* v. *McCray*, 128 Cal. 285, [60 Pac. 855].) The court found that the Verdugo Canyon Land Company consented to the erection of a temporary building by defendant upon the understanding that it should not remain upon the land for a longer period than six months. As pointed out by defendant, this finding is totally without support in the evidence. [8]   The uncontradicted evidence does show that the building remained on the lot without objection for nearly three years and that in July, 1911, about a year after the building was erected, the Verdugo Canyon Land Company accepted payment of the purchase price and delivered the deed of the property to defendant, with knowledge of the existence of the building and without complaint concerning the same. This evidence clearly establishes a waiver of the grantor's right to enforce a for-

feiture of defendant's lot because of the erection and maintenance of the building in question.

In the case of *Los Angeles & Arizona Land Co.* v. *Marr, supra,* an earlier appeal in an action involving this same matter, the court merely interpreted the language of the restrictive clauses in defendant's deed and decided that plaintiff had made a *prima facie* showing of a violation of the building restriction clause by defendant, and, therefore, that a nonsuit was improper. However, upon that appeal the court did not have before it any evidence of waiver.

The judgment is reversed.

Shurtleff, J., Lawlor, J., Wilbur, J., Angellotti, C. J., and Sloane, J., concurred.