[Civ. No. 6160. First Appellate District, Division Two.—August 4, 1928.]

WILSHIRE OIL COMPANY (a Corporation), Appellant, v. STAR PETROLEUM COMPANY et al., Respondents.

Haas & Dunnigan for Appellant.

Neil S. McCarthy, Herbert R. MacMillan and Earl L. Banta for Respondents.

NOURSE, J.—Plaintiff sued to recover possession of land, claiming a forfeiture of a condition subsequent contained in the deed of conveyance. The cause was tried before the court sitting without a jury and resulted in a judgment for the defendant, from which the plaintiff appeals upon a type-written record.

The condition which it was claimed had been breached was atttached by the common grantor of a large number of lots situated in what was known as the Athens Tract in Los Angeles County. It was expressly declared to be a covenant running with the land inuring to the benefit of all other lot owners in the tract and included in the deeds of conveyance of these other lots. It provided for a reversion to the common grantor if the premises conveyed or any part of them should be used for the purpose of prospecting for oil or other hydro-carbon products. The premises in

controversy were deeded by the common grantor to the defendant Shoemaker on June 17, 1913. Thereafter the common grantor leased other portions of the tract for oil development purposes and solicited other lot owners in the tract to join in said leases. Other lot owners of the tract entered into oil leases and their properties were also being exploited for the production of oil. After this had been done and after oil operations were commenced on various portions of the tract the common grantor conveyed to the plaintiff herein by quitclaim deed its reversionary interest to lot 4 of block 53 of the tract, one of the lots owned by the defendant Shoemaker. Prior to the commencement of the action the plaintiff had acquired lot 3 immediately adjoining lot 4 (the lot here in controversy) and lot 6 of the same block and had commenced operations for the drilling of oil upon both lots either through its own efforts or through leases granted by it.

On this appeal the appellant concedes the foregoing facts and stipulates that the character of land in the tract involved by reason of actual oil development has changed from that of residential land to that of oil-producing land; that the object of plaintiff in purchasing the reversionary interest in the lands in question was to develop the same for oil; that the plaintiff itself procured oil development to be prosecuted upon lands adjoining the lands in question; and that the common grantor had made a practice of selling, for substantial valuable considerations, surrenders of its estate in reversion based upon this condition subsequent in order that the land might be used for oil-development purposes. Among other defenses raised by the defendants was that the common grantor by its own act in granting oil leases upon other lots in the tract had waived the right to enforce the condition subsequent and that because of these acts and the acts of other lot owners the character of land in the tract had so changed that it was no longer equitable to enforce the condition which had been inserted in the deeds for the purpose of reserving the land for residential purposes.

The trial court found that all the lot owners in blocks 26 to 50, inclusive, of said Athens tract and all the lot owners in tract 819, which includes block 53 and the premises involved herein, have consented to the making of oil

leases and have joined in oil leases and that by reason thereof derricks and other equipment for the drilling and producing of oil have been erected on many of said lots with the consent and approval of the common grantor and the plaintiff herein. It was also found that the defendant Shoemaker had entered upon the premises in good faith and erected a residence thereon in conformity with the restrictions contained in his deed, but that, without his consent, the common grantor, together with other lot owners in the tract, had changed the character of the tract so that it was no longer desirable as a residential section, but it had become a section devoted mainly for the uses and purposes of developing oil.

Neither of these findings is attacked by the plaintiff and the case comes squarely within the rule of the majority opinion in *Downs* v. *Kroeger,* 200 Cal. 743, 748 [254 Pac. 1101, 1103], and *Miles* v. *Clark,* 44 Cal. App. 539, 549 [187 Pac. 167, 171], where it was said that ''where there has been a change in the uses to which property in the neighborhood is being put, so that such property is no longer residence property, it would be oppressive and inequitable to give effect to restrictions where the changed condition of the locality has resulted from other causes than their breach.'' Here the changed conditions have resulted from the breach of the restrictions, not by the party seeking to be relieved from the restrictions, but by the common grantor and the other lot owners who, by their breach of the restrictions, rendered the respondents' property no longer suitable for residential purposes. It would be equally ''oppressive and inequitable'' to enforce a restriction against one lot owner when the common grantor, who is the owner of the reversionary interest, has by his own acts brought about the conditions which would invite a breach of the covenant. (*Brown* v. *Wrightman,* 5 Cal. App. 391, 394 [90 Pac. 467]; *Los Angeles etc. Land Co.* v. *Marr,* 187 Cal. 120, 133 [200 Pac. 1051].) There is no equity in appellant's case. Its counsel frankly confesses that he is a ''highwayman without a mask''; that the appellant is seeking to enforce the forfeiture for the sole purpose of enabling it to prosecute drilling operations on the premises which it seeks to forfeit.

But aside from any of these questions the judgment must be affirmed because the appellant has failed to show

error. The appeal is taken under section 953a of the Code of Civil Procedure, and is based upon the grounds that findings numbers 2, 3, 5, 6, and 10 are unsupported by the evidence. Neither the findings which are thus attacked nor any of the evidence is printed in either of appellant's briefs nor in any supplement as required by section 953c of the Code of Civil Procedure. As said in *Estate of Berry*, 195 Cal. 354, 359 [233 Pac. 330], when an appeal is taken under this method, and based upon the insufficiency of the evidence to support a finding under attack, it is necessary not only to print the evidence but also the finding. As indicating the character of appeal presented we find in appellant's opening brief the statement that "nearly all the findings have for their support only testimony which was both irrelevant and immaterial on the issues before the court. As a result the judgment is erroneous and should be reversed." But the plaintiff has not printed the pleadings, findings nor evidence to support his general attack upon "nearly all the findings," and as all the presumptions are in favor of the regularity of the judgment it is not incumbent upon this court to search the typewritten record to discover error. (*Scott* v. *Hollywood Park Co.*, 176 Cal. 680, 681 [169 Pac. 379]; *Jeffords* v. *Young*, 197 Cal. 224, 229 [239 Pac. 1054]; *Dahlberg* v. *Dahlberg*, 202 Cal. 295 [260 Pac. 290].)

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.