[Civ. No. 6547. First Appellate District, Division One.—February 4, 1929.]

ISABEL BERNSTEIN, Respondent, v. ERNEST T. MINNEY et al., Appellants.

Breed, Burpee & Robinson and William M. Thornton for Appellants.

Eugene K. Sturgis and Cyril W. McClean for Respondent.

WARD,. J., *pro tem.*—This is an appeal by defendants from a judgment quieting plaintiff's title to certain real property against conditions subsequent contained in the deeds from defendants to her, either directly or by mesne conveyances (except as to race restrictions).

Defendants were the owners of a large tract of land which they subdivided into over five hundred lots, but these lots were not mapped and recorded, nor were the streets accepted at the time that plaintiff obtained ownership; neither was there a general restriction agreement giving rights to

cograntees for breach of any restriction. Any restrictions noted in the deeds inured solely to the benefit of defendants upon breach. Plaintiff acquired three parcels in 1923. The deeds contained conditions prohibiting, until the year 1940, the erection of any structures other than residences which were required to cost not less than $2,500; also, restrictions as to set-backs from the front property line on Foothill Boulevard in the city of Oakland, county of Alameda. Upon a breach of these conditions it was stipulated that title should revert to the grantors who were at the time of the trial the sole owners thereof.

No specification having been filed as to wherein the evidence was insufficient to sustain the findings of fact of the lower court, or wherein those findings were contrary to the evidence, it is to be deemed that the findings are correct.

To enable us to ascertain what equity requires to be done, we must peruse those findings, and take therefrom those salient points which may be considered as decisive of the case, i. e., first, defendants, both before and subsequent to the acquisition of this property by plaintiff, sold other parcels from the same tract to other buyers, many instances being specifically set forth, the deeds to which in some cases contained restrictions, in other cases not, and in some instances express permission was granted to erect buildings in which business was to be conducted; thereafter, in some instances, restrictions were waived and in several transactions defendants themselves rented part of such restricted lots for business purposes; second, there was no general scheme for restrictions so that there would be interlocking rights as between the grantees themselves to enforce the restrictions against one of their number or to claim damage by breach; third, that defendants owned other property in the immediate vicinity facing on Foothill Boulevard, and permitted parcels thereof to be used for business purposes; fourth, that through the conduct of defendants, the district facing Foothill Boulevard, embracing the lands of plaintiff, has lost the character of residential property and has assumed that of business property; fifth, that parcels of land to the east, to the west, adjacent, contiguous to, and across the street from the plaintiff, have places of business thereupon; sixth, that commercial signs are maintained thereon by the

defendants under lease of land, the deed to which contains a nonuser clause for business purposes.

In the light of these facts found by the trial court, the question before this court is simply this: Can the defendant arbitrarily insist that the restrictions be rigidly enforced as to the lands of plaintiff, thus compelling these parcels either to remain vacant until 1940, or to be improved only with residences, to the detriment of the adjacent business property, and with loss (by reason of the undesirability of the location for residential purposes), in all probability, to the plaintiff, when by defendants' own conduct and connivance, directly and indirectly, they themselves have destroyed the residential character of that neighborhood, and themselves are responsible for depriving the plaintiff of that character of property which courts must recognize requires surroundings of a vastly different nature than that of business property? If the breach of condition had already been made and defendants had not expressly stipulated a forfeiture, but, on the other hand, had come to this court asking for damages, it is quite apparent from the findings of fact that no damage was done to them, and they would be awarded no compensation. Does the mere fact that a forfeiture of the whole fee is stipulated in the deeds alter the power of this court, under these circumstances, to render equitable justice? We think not. It is for just such conditions as these that equity is designed as a remedial agency.

Appellants make but three points needing determination: First, that the acts of defendants did not create an additional title in favor of plaintiff; second, that the court erred in admitting into evidence pictures of adjacent tracts showing business structures; and, third, that a quiet title action is not a proper proceeding for the determination of the issues herein.

In the case of *Downs et al.* v. *Kroeger,* 200 Cal. 743 [254 Pac. 1101], such pictures of adjacent property, not a part of the particular block in question, were admitted and were deemed competent evidence. We accept that form of proof as being likewise competent in this case.

Appellants' point that the act of defendant did not create an additional title in favor of plaintiff, is not well taken, as, also, is their point that a quiet title action is not a proper proceeding for the determination of the issues here.

Appellants labor under the idea that no jurisdiction would rest to determine the effectiveness of these restrictions, unless and until the restrictions were first breached by plaintiff and an action brought by defendants to declare the title forfeited to them. Such is not the theory of this case at all. The theory to which we subscribe is this: Plaintiff has brought this action, not as a moot case to determine in advance what the court would do if she committed a breach, but to determine the question whether or not there is now an existing waiver of those subsequent conditions, effective as of to-day. It must be conceded that a waiver may be made by a written instrument or it may be made by conduct. ''A condition may be waived by acts as well as by express release'' (citing cases, including *Brown* v. *Wrightman,* 5 Cal. App. 391 [90 Pac. 467]). ''Any acts on the part of the grantor which are inconsistent with a claim of forfeiture are evidence of his waiver of the condition'' (3 Thompson on Real Property, 1924, sec. 2053). Defendants could not be heard to contend that a quiet title action would not be the proper vehicle for plaintiff to try out the question as to whether or not an express waiver were in point of law or in fact broad enough to accomplish the result of removing the restrictions. If plaintiff could ask for such determination of a written waiver, without first committing a breach, there is no good reason why she could not and should not be permitted to have a determination now, after the acts of defendant have been committed, as to whether the present effect of the acts is to constitute a waiver of restrictions. Section 738 of the Code of Civil Procedure is broad enough to permit the bringing of an action thereunder in which this claim of waiver may be adjudicated.

This waiver claimed by plaintiff is an existing waiver, if the conduct of the defendants constitutes a waiver at all, and, therefore, the inquiry narrows down as to whether the acts and conduct of defendants, as found by the lower court, may be construed as such conduct which in itself waives the restrictions in plaintiff's deeds and estops the defendants from their enforcement. Save as to the character of the business involved, the case of *Brown* v. *Wrightman, supra,* is on all fours. In that case as here, the appellant contended that his conduct with reference to other lands can have nothing to do with his right to the lands conveyed

upon condition and the court then said: "The descriptions of the two tracts . . . show them to consist of contiguous portions of the Rancho San Bernardino, and parcels of the same lands. But conceding them to have been held by different title, we are not aware of any rule which considers the place of the act constituting the waiver or estoppel if the act be such as to cause the result upon which the waiver or estoppel depends. No authority has been called to our attention which would permit the plaintiff to render it impossible to fulfill the purpose for which the condition subsequent was placed in the deed, if the act by which this was accomplished were done on one side of the street, while he would not be permitted to do so if the act were done on the other side of the street. This attempted distinction 'sticks in the bark.'

"The authorities cited by appellant declare the rule that forfeitures are not favored by the courts, and that conditions providing therefor are to be construed liberally in favor of the holder of the estate, and strictly against the enforcement of the forfeiture."

See, also, *Duncan* v. *Central Pass. Ry. Co.*, 85 Ky. 525 [4 S. W. 231], wherein the court held that subsequent sales of lots in the tract without such restrictions constituted a waiver or abandonment. In *Jenks* v. *Pawliski*, 98 Mich. 110 [39 Am. St. Rep. 522, 22 L. R. A. 863, 56 N. W. 1105], it was said: "Restrictions of this class are sustained upon the theory that a party has the right, in disposing of his property, to prevent such a use by the grantee as might diminish the value of the remaining land or impair its eligibility for other uses. . . . But is there no mutuality in such agreements? It certainly cannot be said that a grantor has the right afterwards to sell an adjoining lot without restrictions, and thereby diminish the value of his former grantee's property and impair its eligibility for other uses, converting the locality, . . . and still be allowed to insist upon the restrictions." (See, also, *Chippewa* v. *Tremper*, 75 Mich. 36 [13 Am. St. Rep. 420, 4 L. R. A. 373, 42 N. W. 532].) In the case at bar not only did the defendants themselves lease property the deed to which contained a restrictive clause for their own business uses, but they were customers of a business conducted on a lot facing Foothill Boulevard; they also put upon the market an adjacent tract for sale and permitted

business to be conducted upon parcels likewise fronting upon that boulevard.

■ Appellants make the point that some of the business being conducted as specified by plaintiff was conducted in residences. The court cannot consider that this hybrid proposition of grafting a business on a house designed originally solely for residence purposes is any the less a violation of the spirit of the restrictions. It is common knowledge that business property has a value peculiar to itself, that residential property has a value peculiar to itself, and that a combination of the two has a depreciating effect on the values of either of the other kinds. In the old case of the *Duke of Bedford* v. *Trustees of the British Museum,* 2 Mylne & K. 552, plaintiff was denied the relief of a forfeiture because after selling property with restrictions as against the erection of a certain class of house, he himself erected upon his own adjoining land that class of house, and it was held that by his own acts he had waived the right to take advantage of the covenant which he had engrafted upon the property sold.

The case of *Strong* v. *Shatto,* 45 Cal. App. 29 [187 Pac. 159], cited by appellants, involves a change in the condition of the property, a change of circumstances brought about by conditions independent of the acts of the grantor, and does not rest upon or involve the question, as in this case, whether there is a waiver or estoppel created by the grantor. The case of *Currie* v. *Title Ins. Co.,* 60 Cal. App. 192 [212 Pac. 409], involved a change of title, and it was held in that case that *Strong* v. *Shatto* did not apply. The case of *Strong* v. *Hancock,* 201 Cal. 530 [258 Pac. 60], was an action to quiet title against restrictions subsequent. The legal sufficiency of the complaint was upheld although the relief was not granted. The supreme court stated that it was bound by the findings of the trial court that the changes in the neighborhood were not sufficient to make the tract undesirable for residential purposes. In the case at bar the trial court found that the parcels of land involved had been made undesirable for residential purposes. *Strong* v. *Hancock* did not involve the question of waiver or estoppel by acts and conduct of the grantors—which is the basic question here. We do not deem it necessary, from our viewpoint, to traverse the case of *Downs* v. *Kroeger, supra,* or similar

cases further than to approve the doctrine enunciated therein.

Plaintiff has a right to have her title quieted. The acts and conduct of the defendants in the present case were inconsistent with an intention to enforce the restrictions now before this court, and such acts and conduct are sufficient in themselves to constitute a waiver of those restrictions (save as to race restrictions).

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.