[No. 13057. In Bank. — August 2, 1889.]

## FRESNO CANAL AND IRRIGATION COMPANY, APPELLANT, v. W. F. ROWELL, RESPONDENT.

CONTRACT — AGREEMENT TO TAKE WATER FOR USE OF LAND — COVENANT RUNNING WITH LAND — LIEN. — A provision in an agreement between a land-owner and a water company, whereby the former covenants for himself and his successors in interest to take water from the company for a stated period and price for the use of the land, and that such covenant should "run with and bind the land," creates a lien on the land for the water furnished for such use, which is, binding as against the successors in interest of the covenantor, with notice thereof; but it is not a covenant running with the land, so as to be personally binding on the successor in interest.

ID. — ACTUAL NOTICE — KNOWLEDGE SUFFICIENT TO PUT SUBSEQUENT PURCHASER ON INQUIRY. — A subsequent purchaser will be charged with actual notice of such lien, if at the time he purchased the land he knew that the company had a water right in connection therewith, although he was ignorant of its exact conditions. Having such knowledge, it was his duty to inquire as to the water right, and his failure so to do will not relieve him from the obligation which the inquiry would have disclosed.

ID. — RECORDING OF AGREEMENT — ACKNOWLEDGMENT BY ONE PARTY ONLY. — Such agreement, although only acknowledged by the land-owner, was entitled to be recorded, and its recording imparted notice to subsequent purchasers under him of the lien of the water company.

ID. — LIEN NOT DEPENDENT UPON USE OF WATER. — The water company, having complied with the conditions of the agreement with respect to furnishing water to the land, is entitled to a lien therefor, whether the subsequent purchaser used the water or not.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

On the twentieth day of February, 1878, one Wendell Easton, being then the owner of a tract of land in Fresno County, entered into an agreement with the corporation plaintiff, by the terms of which the plaintiff, the party of the first part therein, agreed to furnish Easton, the party of the second part, with a certain amount of water for the purpose of irrigating his land, until the sixteenth day of February, 1921, and during the existence of the corporation. Easton, on his part, covenanted to take the water during such time, and to pay therefor a

stated price annually. The agreement contained the provision "that the water to be furnished under this agreement is intended to form a part of the appurtenances to said sections or quarter-sections of land, and the right thereto shall be transferable only with and run with said land, and that the party of the first part is bound by this instrument to all subsequent owners of said land, but to no other person"; and also the provision, "It is covenanted that this agreement, and the covenants therein contained on the part of the party of the second part, shall run with and bind the land." The agreement was acknowledged by Easton alone, and was duly recorded on the 26th of February, 1878. Subsequently Easton conveyed a portion of the land to the defendant. The present action was brought to recover a personal judgment against the defendant for water furnished his land, in pursuance of the agreement, to establish a lien therefor upon the land, and for the foreclosure of the lien. Judgment was rendered in favor of the defendant, from which, and from an order refusing a new trial, the plaintiff appeals. The further facts are stated in the opinion of the court.

*George E. Church*, for Appellant.

The agreement, in order to entitle it to be recorded, so as to impart notice to subsequent purchasers of the land, was not required to be acknowledged by the plaintiff. (*Spect* v. *Gregg*, 51 Cal. 198; Civ. Code, secs. 1158. 1161.)

*Wharton & Short*, for Respondent.

The agreement should have been acknowledged by the plaintiff to entitle it to be recorded, so as to impart notice. (*Racouillat* v. *Sansevain*, 32 Cal. 276; *McMinn* v. *O'Connor*, 27 Cal. 238.) The covenants of Easton were purely personal, and did not run with the land. (Civ. Code, sec. 1467; *Cole* v. *Hughes*, 54 N. Y. 448; *Scott* v.

*McMillan,* 76 N. Y. 144; Wood on Landlord and Tenant, 501, note 1; 1 Smith's Lead. Cas. 168, 172, 178, 226.)

THORNTON, J.— The contract binds Easton, but we cannot see it binds defendants personally. Rowell was no party to the contract, nor do we see that he ever agreed to bind himself personally for its performance.

Easton owned certain lands, and while owner made a contract in writing with plaintiff to furnish water for a certain period for a certain price, which Easton agreed to pay, and that his successors in interest should pay, annually, on certain days of the year.

He also covenanted that the contract and the covenants therein contained on his part should *"run with and bind the land."*

A lien may be created on property by contract. (Civ. Code, secs. 2881–2884.) We think that there was a lien created by contract on Mr. Easton's land mentioned in the agreement. All the covenants in the agreement were agreed to bind the land. One covenant was to pay money afterward to become due. The language above quoted shows an intent by Easton, the owner of the lands, to create a lien on them. This makes a contract of lien.

This lien bound the land as against any person who succeeded to Easton's estate, with notice of it

It seems to be conceded that defendant is the grantee or successor of Easton as to part of the lands above referred to.

The evidence tends to show that defendant had actual notice of the water right when he purchased the land. He testified that at that time he knew that there was a water right of plaintiff's connected with the land, but did not know its terms. It seems to us that such knowledge was sufficient to put him on inquiry as to the water right; that by pushing the inquiry he might have ascertained its exact condition, and that it was his duty to make the inquiry. Easton, or either of the officers of

the plaintiff company, could have informed him of the right and its terms.  He cannot by failure to inquire relieve himself of the obligation, which inquiry would have shown bound the land.  He cannot be allowed to shut his eyes and say he did not see, when by opening them he might have seen.

But waiving the point of actual notice, we are of opinion that the notice by the record of the agreement was sufficient.

The written paper was such a paper as could by law be recorded, and impart notice to subsequent purchasers. All that was required was that it should be properly acknowledged by Easton, the creator of the encumbrance on the land.  The policy of the recording laws is, that the record should impart notice to subsequent purchasers or mortgagees of the grantor.  The plaintiff had no interest in the land, and created no encumbrance on it. There could be no subsequent purchasers or mortgagees of the land from it.  It was no more necessary that it should be acknowledged by it than that a mortgage should be acknowledged by the mortgagee.  The plaintiff accepted the encumbrance created on the land, but did not create it or charge the land in any way.

*Spect* v. *Gregg*, 51 Cal. 198, is a direct authority on the point.  The execution of the power of attorney by one of the constituents made the appointee his attorney. The instrument by its terms bore that the appointee should be the joint attorney of the four parties executing it, or severally, of each.  The acknowledgment by one of the contestants created the appointee his attorney, and his acknowledgment was sufficient to authorize its recordation, and make the record notice as to any subsequent purchaser from him.  So here, as to Easton, who, in fact, was the only creator of the encumbrance, and the only one who charged the land.

The fact that the defendant did not use the water, if the plaintiff complied with the contract, and this was

found to be a fact, is immaterial. The land was then bound, whether the water was used or not.

It may be added that the covenants are not here regarded as covenants running with the land. They could not be such, because they are not contained in grants of the estate. Such is the manifest meaning of the statute, and such, we think, was the common law. (Civ. Code, secs. 1460–1462, and the sections following in the title.)

There can be no judgment against defendant personally for money, but the lien can be enforced by foreclosure against the land, and every grantee who is not a *bona fide* purchaser without notice.

Judgment and order reversed, and cause remanded for a new trial.

WORKS, J., SHARPSTEIN, J., and PATERSON, J., concurred.

Rehearing denied.