[S. F. No. 4392.    Department Two.—November 30, 1907.]

JAMES B. BURDELL, Executor etc. of GALEN BURDELL, Deceased, Appellant, v. SALVATORE GRANDI et al., Respondents.

DEED—CONDITION AGAINST SALE OF LIQUORS.—As an abstract proposition a condition inserted in a deed that intoxicating liquors shall not be sold on the conveyed premises, and providing that for a breach thereof the estate granted shall be forfeited, is valid.

ID.—CONDITION DESIGNED TO CREATE MONOPOLY — PUBLIC POLICY. — Where the owner of land designed as the site for a town inserts in all deeds made by him a condition against the sale of intoxicating liquors on the land conveyed, solely for the purpose of reserving to himself a monopoly of such business, the condition is void as against public policy, and its breach will not work a forfeiture of the estate granted.

APPEAL from a judgment of the Superior Court of Marin county.    T. J. Lennon, Judge.

The facts are stated in the opinion of the court.

J. R. Brandon, for Appellant.

E. B. Martinelli, for Respondents.

LORIGAN, J.—This is an action of ejectment wherein plaintiff seeks to recover possession of a lot of land in the town of Point Reyes Station in Marin County, for an alleged breach of a condition subsequent imposed in a deed made by plaintiff to the predecessor in title of the defendant.

The court found that in June, 1883, plaintiff was the owner of a tract of land in Marin County, upon which the town of Point Reyes Station now stands, and that upon said date, for the purpose of establishing and building up said town he laid out said tract into blocks and lots and made sales of the latter to individuals; that all deeds executed by plaintiff of lots therein contained the following clause: "It is hereby expressly understood and agreed between the parties hereto and their respective heirs, executors, administrators and assigns, and all claiming or to claim under them, that this conveyance is made and received solely and expressly on the condition that no saloon, bar-room, liquor store, beer-hall or any place where intoxicating liquors or beer shall be sold at retail, shall be opened, established, allowed or permitted to exist on the said premises conveyed or any part thereof; nor shall any liquor, beer, wine or intoxicating drink be sold, bartered or exchanged thereon at retail without the express permission in writing of the party of the first part, his heirs, executors or administrators, and that upon the breach of said condition the estate hereby granted shall immediately cease, determine and be void and revert to the grantor, his heirs or assigns, together with all improvements which may have been erected on the premises"; that said condition was not inserted in said deeds to said lots pursuant to any general scheme or plan of building up said town, or for the benefit of the lands therein, or for the benefit of persons who purchased lots therein, or as an inducement for persons to purchase the same; that in July, 1883, plaintiff, in consideration of the construction and erection of a store by one A. P. Whitney on a lot in said town (being the same premises involved in this action) made a grant of said lot to him, the deed containing the condition and provision heretofore referred to; that said Whitney con-

structed and erected a store on the said premises, and thereafter by sundry mesne conveyances the title to said lot passed from said Whitney to the defendant S. Grandi, who in 1888 conveyed a portion thereof to his co-defendant Q. Codoni; that in March, 1902, the defendant Grandi, without the consent of plaintiff, opened and established a saloon on the portion of the lot retained by him for the sale of intoxicating liquors, and has since continued to conduct said saloon thereon and to sell intoxicating liquors therein, without the consent of plaintiff; that no saloon exists or has existed on the portion of the lot sold by said Grandi to said Codoni, nor is the latter at all interested in the saloon business carried on by the former; that for many years immediately preceding the commencement of this action plaintiff was the owner of a hotel situated on a lot owned by him in said town of Point Reyes Station as originally platted and laid out by him, and for many years the plaintiff leased said hotel building to divers tenants successively, who, with the consent and permission of plaintiff, opened and maintained continuously a saloon and bar-room in said hotel where intoxicating liquors were sold at retail; that at all times from the said nineteenth day of July, 1883, while intoxicating liquors were sold at said hotel as aforesaid, plaintiff refused to permit any other persons who had bought lots from him in said town to open or establish saloons or bar-rooms thereon, where intoxicating liquors might be sold at retail; that during all said time plaintiff reserved to his several tenants the exclusive right and privilege of opening and maintaining a saloon and bar-room where intoxicating liquors were sold at retail at said hotel, and reserved for the said tenants the exclusive right to sell intoxicating liquors at said hotel, and during all said time the exclusive sale of intoxicating liquors in said town was reserved to be carried on at said hotel; that it was the intent and purpose of the plaintiff in inserting said clause in the conveyance from himself to Whitney, and in all other conveyances made by him to lots in said town of Point Reyes Station, to thereby reserve to himself the exclusive control of the sale of intoxicating liquors in said town.

As a conclusion of law from said findings the court decided that the purpose and effect of said condition, as set forth in the deed from plaintiff to Whitney, was to create a monopoly in the sale of intoxicating liquors in the town of Point Reyes

Station in the plaintiff, and in consequence thereof said condition was and is against public policy and void, and judgment was accordingly entered for defendants.

The plaintiff appeals from this judgment, and the question of its validity is presented here upon the judgment-roll alone. There is no bill of exceptions or any statement accompanying the appeal, the sole point urged being that the findings do not warrant the judgment. Under these circumstances it must be assumed that the evidence in the case was amply sufficient to sustain the findings as made by the court.

It is insisted by appellant that a condition inserted in a deed that intoxicating liquors shall not be sold on the conveyed premises, and providing that for a breach thereof the estate granted shall be forfeited is entirely lawful, and that there is nothing in the other findings made by the court in this case— the condition and the breach being found—which warranted the court in awarding judgment for the defendants, and in refusing to sustain the forfeiture. As an abstract proposition, the contention of appellant that such conditions are lawful and enforceable is undoubtedly correct. The books are full of cases in which restrictions as to the use of property have been sustained. It has been uniformly held that conditions inserted in deeds precluding the establishment of various occupations or industries—as for instance distilleries, machine-shops, livery-stables, and saloons, or places where intoxicating liquors might be obtained—in certain specified localities intended for and desirable as places of residence have been sustained, the intent and purpose of the restriction being, as to the industries, to free such localities from offensive sights, disturbing noises, or noxious vapors, and, as to saloons, in aid of the social and moral welfare of the community by preventing intemperance, which is universally recognized as a social evil. Under this general rule, and confining ourselves now to the condition in the deed relative to the sale of intoxicating liquors, broken by the defendant Grandi, if the plaintiff in the formation of the town of Point Reyes Station, and in pursuance of a scheme to prevent intoxicating liquors being sold within its limits, had by condition in all deeds made by him provided against it, and for forfeiture of the land conveyed in case it was done, no contention could arise as to the validity of such condition and the consequent forfeiture of the property if it

were violated.  Or if the plaintiff, under a general scheme for establishing such town, had contemplated and intended that the sale of intoxicating liquors should be confined and restricted to some given locality or territory within the town, and restricted it to such given locality by imposing conditions against its sale elsewhere, we are not prepared to say that such a scheme would not be entirely proper, and conditions in deeds harmonizing therewith lawful and enforceable.  But nothing of this kind appears to have been intended or designed by the plaintiff, according to the findings.  Whatever his views may have been on the question of temperance, or the restriction of the liquor traffic, he neither intended by the imposition of these conditions to entirely prohibit the sale of such liquor within the town laid out by him nor to confine its sale within any given district or locality for the benefit of the community or its individual members.  His purpose was, so the court finds, and we must assume it has so found on sufficient evidence, that he intended by the imposition of such conditions, to reserve and create solely in himself a monopoly of the sale of intoxicating liquors within the town of Point Reyes Station.  The court not only finds that this was the intent of the plaintiff, but that in effect, he, through his agents, was in the actual enjoyment of a monopoly as to such business.  It hardly needs any citation of authority to the proposition that in the scheme of establishing a town or village, all forfeitures inserted in deeds to lots therein solely for the purpose of restricting a lawful occupation, in order that the grantor may himself enjoy a monopoly in it, is against public policy and void.  The retail liquor business, conducted under such restrictions and limitations as are imposed by law, is a lawful business in this state, and no more subject to monopoly by restrictive conditions imposed for such purpose, as the lower court finds they were here, than restrictive conditions affecting any other lawful business, and when the intent and purpose of such conditions is to effect a monopoly of any lawful business or occupation in the person imposing them, they are void.

This question, under practically the same circumstances as it is presented here, was before the supreme court of Michigan in the case of *Chippewa Lumber Co.* v. *Tremper*, 75 Mich. 36, [13 Am. St. Rep. 420, 42 N. W. 532].  There the manager of the Chippewa Lumber Company, by consent of the company,

plotted the village of Chippewa Lake in Mecosta County in that state. The company sold lots and inserted in its deeds a condition that intoxicating liquors of any kind should not be sold on any lot conveyed by the company for thirty years after the date of the conveyance, with a provision for forfeiture should the condition be violated. The owner of a lot conveyed by the company and containing the said provision having violated it by the sale of intoxicating liquors, suit was brought by the company to recover the lot for breach of the condition. Evidence was offered on the trial by defendant for the purpose of showing that this condition in the deeds to lots in the village, including the deed to him, was inserted for the purpose of giving the company, or its manager, the right of exclusive sale of liquor in the village, and that the company or its manager were interested in a drug-store enjoying such exclusive sale. The lower court rejected the evidence offered. The supreme court held that it should have been received. In discussing the matter, one of the justices, speaking for the court, said: "The selling or giving away of intoxicating liquor in this state is a lawful business if carried on in conformity with the statutes governing the traffic in intoxicating liquors. It does not seem to me that the Chippewa Lumber Company could, in the platting and sale of lots in the village of Chippewa Lake, so convey its lots as to grant for thirty years, in effect, a monopoly of the sale of liquor in themselves, or any other person or persons. This would be contrary to public policy. . . . I am satisfied that no forfeiture of lots under the condition in defendant's deed, or the deed to his grantor, should be permitted for any such purpose, and that the facts offered, if proven, would have been a perfect defense to this action. . . . It would appear that the alleged benefit of this condition to the company in preventing the sale of liquor to its mill hands was not the reason of the insertion of the condition, or for its enforcement, but that the condition was for the purpose of profit to the company or its manager in the exclusive sale of liquor in the village. I am well satisfied it would be against public policy to permit an owner of a village plot to insert a condition in the conveyance of his lots that no bread should be sold upon the premises for thirty years, in order that he might himself have a monopoly in the village of the sale of bread. Liquor is not a necessity like bread, and is

generally regarded as of damage by the general community, but I know of no good reason why a person should be permitted to have a monopoly in selling poison to a community any more than food, unless it be that no other person can be found fit to handle and dispense it. I do not believe, however, that any man or company should be permitted by the law and aided by the courts to create a monopoly in himself, either in the sale of bread or whisky. The right to insert such a condition as the one in this case, for an honest and beneficial purpose, cannot be denied, and is within the public policy of the state. . . . But courts will not enforce such a condition, inserted for a dishonest purpose, and to the end that the grantor may thereby obtain a monopoly in any business and all others be restrained therefrom; and there can be no difference in this regard, whether the business so sought to be centered in one person in a community is one acknowledged by everyone to be of great benefit to mankind, or one regarded by many good people of detriment to the community, provided both are lawful. . . . Courts will not enforce forfeitures for any such purpose.''

This authority appears to have direct application to the case at bar. The reasoning is clear and the doctrine announced is sound. In fact it is the only authority cited on either side (and the citations are few) which has any direct application to the principle involved under the findings in the case at bar.

Counsel for appellant suggests many reasons which may have actuated the plaintiff in imposing the condition in question in his deeds. We make no question but that such considerations as he urges might influence one laying out a village or town. Entertaining the view, which is unquestionably sound, that intemperance is a social evil, the founder of a town, in his general scheme to establish it, would have a right to protect against intemperance therein by inserting conditions in his deeds to lots prohibiting the establishment thereon of any place where intoxicating liquors might be sold. He would be justified in the view that prohibiting its sale on the lots he disposed of would increase the value of his remaining property; that persons would be more disposed to purchase property and build and improve it for residence purposes in a community where the liquor traffic was prohibited than where it was not. Many other equally good considerations might actuate him in

imposing the condition. The property was his and he could dispose of it as he saw fit, imposing such restrictions upon its use as he chose, his right to impose them being limited only to the extent that such conditions should be imposed to effect a lawful purpose. The trouble, however, in the present case is that the proper and lawful motives which might have actuated the plaintiff were not those which governed him in the imposition of these conditions. The court finds that he imposed them to create a monopoly in his own behalf in the sale of intoxicating liquors upon other property in the town owned and leased by him to those who, with his consent and protection, did sell it and enjoyed under his leave the exclusive right to do so. Conditions imposed to attain that end are, as we have seen, against public policy and void.

It follows, therefore, that the judgment of the lower court declaring this condition in the deed of defendants void was correct, and the judgment in their favor is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.