This proceeding was instituted by the owners of certain lots and parcels of land to have title thereto registered in accordance with the provisions of the law known as *Page 417 
the Torrens Land Title Act (Stats. 1915, p. 1932), adopted by the people of the state at the general election held on November 3, 1914.
The lots in question constituted a part of a large tract of land subdivided and conveyed by the owner, Title Insurance and Trust Company, which, as defendant, and claiming that its rights reserved in the grants so executed by it are not protected by the decree rendered, has appealed therefrom in so far as it applies to certain of the lots described in the petition, to wit:
Lot 14, block 45, of tract 1200, city of Los Angeles, as per map recorded in book 19 of Maps, page 35; title to which was vested in Charles Newton Hutton and his wife, Grace Iliff Hutton, which is herein designated as No. 1.
Lots 8, 10, 11, and 12, block 20, of tract 1200, city of Los Angeles, as per map recorded in book 19 of Maps, at page 35, title to which was vested in Samuel Andrus as community property, herein designated as No. 2.
Lot 9, block 20, of tract 1200, Van Nuys district, city of Los Angeles, as per map recorded in book 19 of Maps, page 35, title to which was by the decree declared to be in Adolph John Boulanger and Lillian Maude Boulanger, as joint tenants, herein designated as No. 3.
Lot 348 of tract 1000, in the city of Los Angeles, as per map recorded in book 19 of Maps, pages 1 to 34, herein designated as No. 4.
[1] As to the Hutton lot, description of which we have designated as No. 1, the applicants alleged that the deed from appellant, Title Insurance and Trust Company, to the grantor of petitioners, contained certain restrictions and reservations which were not conditions of the conveyance and had been abandoned and were void, which provisions they asked to have canceled. This allegation was denied in the answer of defendant, and the question presented on the appeal is whether the language of the decree, to wit: "Exceptions, reservations and conditions contained in deed recorded in Book 5018, page 203, of Deeds," to which as declared by the decree the land was subject, is sufficiently broad to include all of the valid and existing covenants, exceptions, reservations, restrictions, conditions, and liens contained in the deed executed by defendant to one Agnes H. Brown, whose title and interest in the lot was by the administratrix *Page 418 
of her estate conveyed to applicants. The "deed recorded in book 5018, page 203, of Deeds," was dated May 22, 1912, and among other provisions contained therein was a covenant on the part of the grantee to pay the grantor five dollars per year for each lot described in the conveyance, which sum, with like payments to be contributed by other lot owners in the district, should constitute a fund devoted to the care, maintenance, and replanting of street trees, repair and upkeep of street curbs and sidewalks, and to otherwise keeping up and beautifying the district as far as possible with the fund derived from such source. It was further provided in the deed that the obligation to make such payments should terminate whenever said lot should be permanently occupied, and in any case at the expiration of ten years from January 1, 1911, or, at the option of the grantor, at any time after four years from January 1, 1911; followed by an express provision that "the above sum agreed to be paid shall be and remain a lien upon the land hereby conveyed until paid."
By section 2872 of the Civil Code a lien is defined as "a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of the act." It is created by contract of the parties, or by operation of law. (Sec. 2881, Civ. Code.) By acceptance of a deed the grantees not only promised to pay the five dollars per lot, but by contract in the language quoted created a lien upon the property as security for its payment. We may readily concede, as claimed by respondents, that the covenant cannot be construed as a restriction, condition subsequent, or exception, the compliance or noncompliance with which could work a a forfeiture of the estate. As in other cases of lien, the remedy of the lienor upon nonperformance of the covenant would be an action of foreclosure. Since the deed containing the covenant imposing the charge upon the lot was recorded, subsequent purchasers of the land must be held to have taken title upon constructive notice of the fact that the lien not only existed, but that, subject to permanent occupancy or bar of the statute of limitations, it would continue until the sum agreed to be paid was liquidated. (Van Loben Sels v.Bunnell, 120 Cal. 680 [53 P. 266]; Fresno *Page 419 Canal Irr. Co. v. Rowell, 80 Cal. 114 [13 Am. St. Rep. 112, 22 P. 53].)
[2] While it appears that appellant has not enforced the collection of said sums, no waiver of the provision on its part is shown, nor any action had the effect of which would, as to the whole obligation, terminate or extinguish the lien; and since by the covenant the property was made the subject of a lien to secure the payment of five dollars per year, the decree, in the absence of any showing by respondent, should in express terms, as provided in section 15 of the act, have established the amount thereof not barred by limitation and declared the same to be a lien and encumbrance upon the land, subject to which it should have been ordered registered.
What is said upon this point is likewise applicable to the lots designated herein as No. 2, title to which is vested in Samuel Andrus, and the lot designated as No. 3, title to which is vested in the Boulangers, as to each of which lots the grantees thereof covenanted to pay five dollars per annum, and wherein, as in the Hutton case, it was stipulated that until paid such sums should, subject to the conditions therein expressed, constitute a charge and lien upon the lot or lots so conveyed.
[3] In application No. 2 the deed conveying the lots to Samuel Andrus contained a number of restrictive provisions for the violation of which it was agreed the title of the grantee should cease and revert to the appellant as grantor, and subject to some of which provisions title to the lots was registered in the name of Andrus. The deed also contained a provision, designated "I," that a breach of any or either of said conditions, or any re-entry by reason of the breach thereof, should not defeat or render invalid the lien of any mortgage or deed of trust made in good faith for value as to said land and the improvements thereon. The purpose of this provision clearly expressed was to protect innocent parties, as holders of liens based upon mortgages or deeds of trust, from the penalties imposed upon owners of the property for breach of the conditions. That in addition to the restrictions subject to which the lots were ordered registered, the decree should also have ordered the registration of the property subject to the covenants and provisions designated "I" in the deed, appears to admit of no question, and *Page 420 
respondent offers no argument in justification of the action of the court in declaring the same inoperative and of no effect.
[4] It appears that title to lot 9 in block 20, herein designated as No. 3, was registered in the name of Adolph John Boulanger, to whom title was conveyed by Samuel Andrus, who acquired the property under a deed from appellant, which deed was recorded in book of Deeds No. 6194, at page 44. This deed contained a number of conditions, restrictions, and reservations, but instead of registering the lot subject thereto, the title was by the decree ordered to be registered in the name of Boulanger, subject to "exceptions and reservations as contained in deed recorded in book 6081, page 307, of Deeds," which deed, it is conceded by both parties, is not in the chain of title for the reason, as stated, the title of applicant was under another and different deed recorded in book 6194, at page 44, to which reference was made by the court in properly ordering registration subject to the provisions contained therein under which it was agreed the title should, in case of the vending of intoxicating liquors upon the lot, be forfeited. In thus registering the title subject to the conditions, exceptions, and reservations contained in a deed which was no part of the chain of title and under which Boulanger made no claim to the property, and in the absence of any evidence to warrant it, the court erred.
[5] As we understand counsel for appellant, his objection to the decree, in so far as it applies to lot 348, tract 1000, which we have designated No. 4, is that while the decree declared title to the lot was subject to "forfeiture of title if intoxicating liquors are vended thereon, as set forth in deed recorded in book 4351, page 313, of Deeds," such deed is not in the chain of title, and there is no evidence whatever tending to show that the title was conveyed subject to the provisions contained therein. These facts are conceded by respondent, who suggests, however, that the court correct the error by inserting in lieu of the deed so referred to, the words "deed recorded in book 6081, page 307." For obvious reasons, the court has no power to make such change in the findings and decree. The deed under which the applicant for registration held title to the lot was recorded in book 6081, at page 307, and, subject to the exceptions *Page 421 
and reservations contained therein, title to the lot was ordered to be registered in the name of Adolph John Boulanger and Lillian Maude Boulanger, as joint tenants; it being declared, however, that conditions and restrictions numbered 2 in said deed are void. [6] The conditions in No. 2 of said deed contained a provision that "no part of said premises shall ever at any time be used for the purpose of buying, selling, or handling intoxicating liquors," and that for the breach of such condition the premises should revert to the grantor, its successors and assigns. We perceive no reason why the court should have declared the provision void, and respondent has offered none. He suggests, however, that the reference made in the decree to condition No. 2, which the court declared void, should in fact have referred to another and different provision which the court intended by the decree to declare void. While this deed provided that a breach of the conditions should cause the premises to revert to the grantor, it further provided that such provision should not defeat or render invalid the lien of any mortgage or deed of trust made in good faith for value as to said land and the improvements thereon. What is said upon this point as to application No. 2 herein is likewise applicable to lot 348 in tract 1000.
[7] Appellant also insists that the registration of the title to lot 9, block 20, No. 3, hereinbefore referred to, should have been made subject to certain rights of way for the erection, construction, and operation of pole lines, conduits, and pipe-lines for the transmission of electric energy and for telephone and telegraph lines and gas-mains, of a width of four feet, and also subject to the reservation of all minerals, oils, natural gas, etc. (not for the purpose of mining the same by the grantor in the deed, but to prevent the exploration or use of said land for the discovery and production of such commodities), as well as other rights of way reserved from the operation of the deed, and all mentioned in deed recorded in book 6081, page 307. Since, however, any action of the court in regard to title to this property was, as hereinbefore stated, based upon the erroneous reference to a deed other than that under which the applicant claimed title, we do not feel called upon to discuss or determine an abstract question not before the court and as *Page 422 
to which upon a retrial a decision may be rendered in accordance with the law applicable thereto.
Counsel for respondent very properly suggests that the deeds under consideration "are well calculated to confuse, and the brief of appellant has not served to any great extent to clarify the confusion." We fully concur in this statement, and may add that what is said concerning appellant's brief is equally applicable to that of respondent. The petition for registration contained the application of a number of owners claiming property under different deeds, which deeds, while being of great length and containing many provisions relating to reservations, liens, restrictions, and exceptions, and while in some respects containing like provisions, were nevertheless different in wording. Each of them was made the basis of a distinct application for registration of title to the lot therein referred to. The decree presented is in terms ambiguous and uncertain in meaning. No doubt some of the liens for the annual payment of five dollars against the lots are barred by the statute of limitations. Some of the restrictions have expired by limitation. Some of the provisions binding upon owners do not apply to innocent mortgagees and holders of liens under deeds of trust. [8] Since the purpose of the proceeding is, so far as possible, to simplify the title and eliminate questions that no longer affect it, the decree should in plain, explicit, and unmistakable terms set forth the conclusion of the court thereon. [9] While under the act reference may be had to records of deeds, nevertheless, as to a title which, as here, under the deeds is limited and qualified by so many covenants contained therein, the purpose contemplated would be far better subserved if the decree in specific language set forth the conditions, restrictions, reservations, and liens to which the court found the title to be subject, rather than by reference. We are fully cognizant that in discussing the case, in the absence of material aid from counsel, we may have omitted questions involved in the jumbled record presented. However this may be, we are clearly of the opinion that the judgment appealed from should, for the reasons given, be reversed.
The judgments, in so far as they affect the lots in question, are reversed.
Conrey, P. J., and James, J., concurred. *Page 423