[Civ. No. 3842. Third Appellate District.—January 30, 1930.]

THE MADERA CANAL AND IRRIGATION COMPANY (a Corporation), Respondent, v. K. ARAKELIAN, INC. (a Corporation), Appellant.

Lindsay & Gearhart and Carl E. Lindsay for Appellant.

Walter C. Maloy for Respondent.

THOMPSON (R. L.), J., *pro tem.*—This is an appeal from a judgment for the contract price of water furnished for irrigation purposes, together with a decree foreclosing a lien for the security thereof. The appeal is based upon the judgment-roll alone, and a reversal is sought upon the grounds that the findings are inconsistent and that they do not support the judgment.

The plaintiff is a corporation engaged in supplying water for irrigation purposes. The defendant is also a corporation engaged in an agricultural enterprise. October 27, 1890, The German Savings & Loan Society, a corporation, was the owner of 960 acres of farm land in Madera County. On the last-mentioned date the savings and loan society entered into a written contract with the plaintiff, which was duly recorded, to supply said land for a term of thirty-eight years during each season until 1938, with "all the water that may be required by the said party of the second part (Savings and Loan Society) not exceeding at any time six cubic feet per second," in consideration of $2,000, which was paid, and $1 per acre payable on the first day of September of each year during the term of the contract. It was also provided that this water service was appurtenant to and transferable with the land. The contract also provided that: "The party of the first part *shall not be responsible* for a deficiency of water caused by drought, insufficient water in the river, . . . " etc.; that the first party was authorized to sell and supply water for the use of 40,000 acres of farm lands, aggregating 250 cubic feet per second and that, "If at any time the aggregate quantity of water in its canals shall fall short of 250 feet flowing per second, then each water right shall represent the 250th part of said aggregate quantity and the party of the second part shall be entitled to receive water in that proportion." Finally, the contract created a lien upon the land for the security of said water rate.

On January 2, 1923, the defendant acquired title to 320 acres of said 960-acre tract of land together with the water rights appurtenant thereto, consisting of two cubic feet per second, subject to the terms and conditions of said contract. Upon trial the court adopted the entire contract as a part of its findings which was adjudged to be valid and binding. It was further found that the plaintiff had supplied said land with water pursuant to said contract for each season from 1911 to 1924, inclusive, except that by reason of an injunction duly issued in an action in the Superior Court of Madera County in 1916 the plaintiff's sole available water supply from the Fresno River was permanently reduced from 250 cubic feet per second to 200 cubic feet per second, and in the season of 1924, by virtue of a drought which pre-

vailed, the plaintiff was without any water with which to fulfill the contract. It was then found there was due and owing from the defendant the principal sum of $1,503.53 and interest amounting to $533.71, for which sum judgment was rendered, together with $400 attorneys' fees, which were provided for by the contract. A lien was adjudged against the land to secure the payment of these sums and a sale was ordered to satisfy the judgment.

The appellant contends that the findings are inconsistent with respect to the performance of the contract on the part of the plaintiff and that the findings adopt facts which are insufficient to excuse the failure on the part of the plaintiff to furnish the appellant's land with the full amount of two cubic feet of water per second each year as provided by the contract.

It is asserted that the following findings of the court are conflicting and irreconcilable. In the language of the complaint the court first found: "That plaintiff and cross-defendant has at all times duly done, kept and performed each and all and every one of its covenants in said water right contract contained." The court further found that on January 31, 1916, a judgment was duly entered in an action in the Superior Court of Madera County in which this plaintiff was a party defendant, restraining this plaintiff from diverting from the Fresno River, which was its sole source of water supply, more than 200 cubic feet of water per second and that the decree in that case reduced the quantity of water *to which the defendant was entitled* under the contract from two cubic feet to one and six-tenths cubic feet per second. The court, however, did not find that two cubic feet of water per second was not in fact furnished to the defendant each season. It was further found that in 1923 the plaintiff offered to deliver water to the defendant pursuant to the contract which it refused to accept. It was further found: "That in the year 1923 no demand was made by said cross-complainant for water under the said water right contract or at all for the said lands; that in the year 1924, by reason of drought and insufficiency of water in the river and in the canals of plaintiff and cross-defendant, said plaintiff and cross-defendant was prevented from delivering any water to said lands of defendant and cross-complainant, by reason of the said drought, and that

no demand was made at any time in said year 1924 for water to be delivered under said contract by said defendant and cross-complainant upon plaintiff and cross-defendant."

There is no inconsistency between the general finding that the plaintiff fully performed the covenants of the contract on its part and the finding with relation to the injunction which was issued in the former action restraining the plaintiff from diverting more than 200 cubic feet of water from the Fresno River or the further finding that as a result of that injunction the water rights of the defendant in this case were thereby reduced twenty per cent from the maximum amount specified by the contract. ■ For the purpose of supporting the judgment every intendment should be resolved in favor of the findings. Applying this rule of construction, the findings may reasonably be held to mean that while, by virtue of the injunction the defendant was not *entitled* to more than one and six-tenths cubic feet of water per second, yet in fulfillment of the covenants of the agreement (assuming that the contract required that amount) the plaintiff actually did supply two cubic feet of water per second. Moreover, the contract which was attached to the complaint as an exhibit, and found to be valid and binding, specifically provided that the quantity of water to which the defendant was entitled was determined by the ratio which defendant's 320-acre tract of land bore to the entire 40,000 acres which the plaintiff was authorized to supply. Otherwise expressed, the defendant's portion was to be determined by the ratio which two cubic feet of water bears to the aggregate quantity of 250 cubic feet per second. ■ The contract provides that, "if at any time the aggregate quantity of water in its canals shall fall short of two hundred and fifty feet flowing per second," then the land owners shall be entitled to only the relative quantity which their stipulated amount bears to the total amount contained in plaintiff's canals. Under this provision we are of the opinion the plaintiff fully performed the covenant respecting the quantity of water to which the defendant is entitled by delivering to it one and six-tenths cubic feet per second. The rights of a water consumer are measured by the terms of his contract. When a water company enters into a contract to furnish water to a consumer for irrigation purposes, the extent of the legal claims of

the consumer is limited by the terms of his contract. He acquires only such rights as he bargains for. (3 Kinney on Irrigation and Water Rights, 2d ed., 2727, sec. 1514.)

■ The further contention of the appellant that the findings which excuse the plaintiff for failure to supply water for the season of 1923 is without support in the record is equally devoid of merit. Regarding the furnishing of water for 1923, the court found: "In the year 1923, and on or about the 12th day of March . . . and (also) on or about the 12th day of April in said year, plaintiff . . . offered to deliver water to said land as provided in said contract, but that defendant and cross-complainant refused to receive the same." This refusal to accept water for the year 1923 was a sufficient justification for the failure to deliver it that season. (Sec. 1511, subd. 1, Civ. Code.)

Respecting the plaintiff's failure to supply the defendant's land with water during the season of 1924, the court found: "In the year 1924, by reason of drought and insufficiency of water in the river and in the canals of plaintiff . . . (the) plaintiff . . . was prevented from delivering any water to said lands. . . . "

■ While the contract specifically provides that the plaintiff "shall not be responsible for a deficiency of water caused by drought, insufficient water in the river," etc., it does not seem reasonable to hold this means the consumer must, nevertheless, pay for water which he did not receive. The foregoing clause certainly does relieve the plaintiff from a claim of damages for nonperformance of the contract on account of drought. The failure to supply water on account of drought would furnish no ground for rescission of the contract. This clause clearly relieves the plaintiff from liability for damage to crops resulting from drought or other cause over which it has no control. (15 R. C. L. 481, sec. 34.) There is, however, a clear distinction between relieving the plaintiff from the legal responsibility of a failure to supply water for irrigation purposes and the imposition of a liability on the part of the defendant to pay for what he did not receive. It is true that the contract provided that when the plaintiff delivered the supply of water in its main canal at the gate communicating with the lateral ditches which were constructed by the defendant on its land, the "annual water rate of one dollar per year for

each acre of said land . . . shall become permanent.'' But this stipulated water rate was conditioned upon supplying the land with a specified quantity of water each year. By reason of the drought there was a total failure of consideration for the annual water rate for that season. May it reasonably be said that under the terms of this contract the defendant was bound to pay an annual water rate of one dollar per acre for thirty-eight years, even though for a series of years, on account of drought, he obtained no water whatever? To use an extreme illustration, may it be said that even though the entire source of supply were permanently destroyed by drought or other cause over which the plaintiff had no control, the consumer would still be required to pay the annual water rate throughout the entire term? We think not. Since the contract may be segregated into uniform annual periods, during which reciprocal obligations are created to supply a specified quantity of water on the one hand, and to pay a definite amount therefor upon the other hand, a total failure to furnish water during an entire year should relieve the consumer from the obligation to pay for what he did not receive. The ground of this release from liability is the failure of consideration.

We are therefore of the opinion that the judgment should be modified to the extent of disallowing the water tax for the year 1924, together with the interest thereon.

■ There is no merit in the contention of appellant that his land was not liable for the unpaid water charges which accrued prior to the date upon which it acquired the title thereto. The contract specifically created a lien upon this land to secure the payment of these charges. The purchaser of the land had constructive notice of this lien, for the contract was duly recorded. ■ A lien is a charge imposed upon the property to secure the fulfillment of an obligation. (Sec. 2872, Civ. Code.) Such a lien may be created by contract (sec. 2881, Civ. Code), but imposes no personal obligation to perform the act for which the lien is a security. (Sec. 2890, Civ. Code.) The lien, however, is binding upon the land in the hands of a subsequent grantee, with notice thereof, and may be enforced by foreclosure with the same effect as though the title had not been transferred. (*Fresno Canal etc. Co.* v. *Rowell*, 80 Cal. 114 [13 Am. St. Rep. 112,

22 Pac. 53] ; 3 Kinney on Irrigation and Water Rights, 2d ed., 2728, sec. 1515.)

The judgment is modified by striking therefrom the water rate for the year 1924, in the sum of $320 and interest on said sum from the first day of September, 1924. As so modified, the judgment is affirmed, respondent to recover its costs on appeal.

Finch, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 1, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1930.

All the Justices concurred.