[Civ. No. 8973. First Appellate District, Division One.—January 11, 1934.]

WILLARD ROSS CHILDS et al., Appellants, v. NICHO-LAS NEWFIELD et al., Respondents.

Burke, Hickson & Burke and Louis H. Burke for Appellants.

Arch H. Vernon, Ralph H. Spotts and Chas. H. Brock for Respondents.

THE COURT.—This is an action to compel the reconveyance of a parcel of real property in Los Angeles County based upon the alleged violation of certain building restrictions.

Plaintiffs on July 26, 1923, were the owners of a tract of land described as lot 73 of Montebello according to a map thereof duly recorded. On that date they executed and recorded a "Declaration of Establishment of Restrictions and Conditions", which provided a general plan of improvement, and among other things that "Any residence erected upon any lot or subdivided portion of said tract shall be built so that the front wall thereof shall be not closer than

thirty feet to the property line fronting on any street, avenue, drive or boulevard. . . . Further, that a breach of any of the restrictions, provisions, conditions and covenants hereinbefore referred to shall cause the real property upon which said breach occurs to revert to said owners or their successors in interest as owners of the reversionary rights herein provided for, and the owners of such reversionary rights shall have the right of immediate re-entry upon said real property in the event of any such breach, and as to each lot-owner in said tract the said provisions, conditions, restrictions and covenants shall be covenants running with the land, and the breach of any thereof and the continuance of any such breach may be enjoined, abated or remedied by appropriate proceedings by said owners or their successors in interest, or by any such owner, of other lots in said tract but by no other person. . . . Provided further that a breach of any of the foregoing conditions, restrictions and covenants, or their re-entry by reason of such breach, shall not defeat or render invalid the lien of any mortgage or deed of trust made in good faith and for value as to any lot or purchase of lots in said tract, but said provisions, conditions, restrictions and covenants shall be binding upon and effective against any owner thereof whose title thereto is acquired by foreclosure, trustee's sale or otherwise.''

In December, 1923, the lot in controversy was conveyed by plaintiffs. The deed was made ''subject to restrictions and reservations of record'' and also ''subject to all restrictions and conditions'' contained in the declaration above mentioned. This lot was subsequently conveyed by mesne conveyance containing the provision ''subject to restrictions and reservations of record'' to James P. and Minnie N. Delyea, who were the owners thereof on March 7, 1929. On that date plaintiffs and the Delyeas joined in the execution of a ''Declaration of Removal of Restrictions'', wherein they declared that they canceled and released the declaration first mentioned. The last declaration was duly acknowledged and recorded. On the same date plaintiffs executed two other declarations of restrictions and conditions. One affected the west half of the tract, in which was situated the lot owned by the Delyeas, and the other affected only

the east half of the tract. Each declaration contained substantially the same provisions as were contained in the first declaration. The Delyeas signed and acknowledged both of these instruments but they were not named in the body of either.

In November, 1929, plaintiffs conveyed a lot in the west half of the tract to defendants Newfield. This lot adjoined the lot owned by the Delyeas. Said defendants erected certain improvements thereon which were in compliance with the provisions of the declaration last mentioned. On February 28, 1930, the Delyeas conveyed their lot to said defendants, the deed containing the provision "subject to conditions, restrictions, reservations, rights, rights of way and easements of record". During the same month plaintiffs at the request of said defendants executed and recorded a waiver of restrictions, granting the right to erect an apartment house or flats on any portion of the tract, but providing that such building should not be "erected closer than thirty feet to the westerly property line". Thereafter said defendants constructed an apartment house on the lot acquired from the Delyeas and in such a manner that the front wall thereof was but 20.51 feet from the said property line. Following this plaintiffs served notice on the defendants that they would avail themselves of their alleged rights under said declaration of restrictions, and later the present action was commenced.

During the said month of February and before the construction of the apartment last mentioned defendant Max Reichardt loaned defendants Newfield the sum of $21,500, which they secured by a deed of trust of the Delyea lot, the bank above named [Security-First National Bank of Los Angeles] being the trustee. The court found that this sum was loaned in good faith for the purpose of erecting the apartment, and that at the time the same was advanced neither Reichardt nor the bank had knowledge or notice of the declaration filed on March 7, 1929, except such constructive notice thereof as its filing and recordation gave; further that they were without knowledge that "any improvements erected or to be erected thereon would in any way or degree violate any restrictions, conditions or reservations covering said real estate".

The trial court entered judgment for defendants. Plaintiffs have appealed therefrom, claiming that the above facts found by the court do not support the judgment.

■ It is well settled that the right to annex conditions restricting the use of property conveyed is a necessary incident of the right to own and convey (18 Cor. Jur., Deeds, sec. 373, p. 359), and a condition subsequent forfeiting the title to the grantor in case of breach is not repugnant to the granting clause (*Firth* v. *Marovich,* 160 Cal. 257 [116 Pac. 729, Ann. Cas. 1912D, 1190]). ■ The recording of such an agreement charges future purchasers with notice of its contents (*Wayt* v. *Patee,* 205 Cal. 46 [269 Pac. 660]), and the conditions run with the title (*Quatman* v. *McCray,* 128 Cal. 285 [60 Pac. 855]). Agreements similar to the one in question have been upheld (see *Wayt* v. *Patee, supra*). Such conditions are transferable (*Johnston* v. *Los Angeles,* 176 Cal. 479 [168 Pac. 1047]; Civ. Code, sec. 1046), and they may be waived or released (*Werner* v. *Graham,* 181 Cal. 174 [183 Pac. 945]; *Los Angeles etc. Co.* v. *Marr,* 187 Cal. 126 [200 Pac. 1051]). Such a release may be made by a conveyance of the grantor's interest in the property transferred by the deed carrying the condition (3 Thompson, Real Property, sec. 2050; *Ingersoll etc. Co.* v. *Crocker,* 228 Fed. 844). ■ Where under a general plan of improvement for a particular tract building restrictions are imposed equity will in proper cases enjoin the violation of such conditions by the grantee of a lot therein. Nor is it essential in all cases in order to warrant equitable relief that the restrictions should be binding at law, or that any privity of estate should exist between the parties (*Martin* v. *Holm,* 197 Cal. 733 [242 Pac. 718]), and such an action may be maintained by the other owners of such lots or by the grantor (*Alderson* v. *Cutting,* 163 Cal. 503 [126 Pac. 157, Ann. Cas. 1914A, 1]; *Title Insurance & Trust Co.* v. *Fette,* 90 Cal. App. 606 [266 Pac. 570]), except in cases where, due to changes in the uses to which property in the neighborhood is put, such changes being the result of causes other than their breach, it would be unjust and oppressive to give effect to the restrictions (*Downs* v. *Kroeger,* 200 Cal. 743 [254 Pac. 1101]; *Strong* v. *Hancock,* 201 Cal. 530 [258 Pac. 60]).

■ But where a deed containing building restrictions provides that the property conveyed shall revert to the grantor in a case of a breach, such restrictions, if in fact conditions and not covenants, run only in favor of such grantor, his heirs or assigns, and the breach cannot be taken advantage of by a stranger (*Werner* v. *Graham, supra; McBride* v. *Freeman,* 191 Cal. 152, 154 [215 Pac. 678]; 18 Cor. Jur., Deeds, sec. 384, pp. 364, 365).

■ As shown above, the declaration in question provided that the owners, or their successors as owners of the reversionary rights, should have the right of immediate re-entry in case of a breach, further providing that in addition such owners or the owners of other lots in the tract should be entitled to equitable relief. It is clear that none but the owner of a reversionary right might re-enter in case of a breach committed, and that, as respects the lot upon which the alleged breach occurred, the plaintiffs were not the owners of any rights in the reversion. The title passed from them before the declaration in question was executed; and any right given by the provisions of the original declaration was released by their declaration of removal of restrictions executed on March 7, 1929. While the Delyeas could have transferred their reversionary rights to plaintiffs (*Johnston* v. *Los Angeles, supra*), nothing in the declarations which they have signed indicates an intention to do so. At most plaintiffs were given the right with other owners of lots in the tract to enjoin a breach of the restrictive covenant.

Defendants urge that the Delyeas not having been named in the body of the declaration as declaring or establishing any restrictions on their property, the instrument merely declaring that the plaintiffs as the owners of the property did so, the instrument did not have that effect as to the Delyeas property.

■ It is the rule with respect to deeds signed and acknowledged by persons not named therein as grantors that the same are not the deeds of such persons (*Cordano* v. *Wright,* 159 Cal. 610 [115 Pac. 227, Ann. Cas. 1912C, 1044]; *Roberts* v. *Abbott,* 48 Cal. App. 779, 785 [192 Pac. 345]). Nevertheless, if the identity of the grantors is certain from a consideration of the entire instrument this is sufficient (18 Cor. Jur., Deeds, sec. 54, pp. 172, 173), and here the Delyeas

signed as owners and duly acknowledged the execution of the instrument.

However, in view of our conclusion that plaintiffs had no reversionary rights in the property, a determination of the question here is unnecessary. And the same applies to the contention that the court having found that the loan by Reichardt was made and the deed of trust was executed in good faith for value and without knowledge of the declaration in question, or that the apartment was constructed in violation thereof, a breach of the restriction could not under the paragraph of the declaration referring to deeds of trust defeat such encumbrance.

For the above reason the judgment is affirmed.