[Civ. No. 5766.   Third Appellate District.—January 28, 1937.]

WEDUM–ALDAHL COMPANY (a Corporation), Respondent, v. E. O. MILLER et al., as Trustees, etc., Appellants.

Carl E. Cameron for Appellants.

Houser, Houser & Houser and J. Everett Houser for Respondent.

THOMPSON, J.—The defendants, as trustees of Long Beach Land and Water Company, a defunct corporation, have appealed from a judgment quieting title to two Long Beach lots in plaintiff free from a clause which was contained in the deed of conveyance from the corporation providing for the reverting of title to the grantor if the grantee or its successors in interest knowingly permit the vending of intoxicating liquor on the premises.

In 1880 W. E. Willmore and J. Bixby contracted to purchase two adjacent tracts of land, including what is now the site of the city of Long Beach. One tract contained 350 acres of unimproved land within the present business portion of Long Beach. The adjoining tract, which was intended to be subdivided and sold for the purpose of farming, contained 4,000 acres. The purchasers of these tracts of land proposed to develop an ideal city within which intoxicating liquor would not be permitted to be sold. The 350-acre tract was platted and subdivided for sale into lots, blocks and

streets. It has become the chief business portion of Long Beach. Several of these lots were sold by Willmore and Bixby for business and residence purposes. The town was first called Willmore City. It was intended by the original promoters of the city to include in each deed a condition running with the land, providing for a reversion of title as a penalty for knowingly permitting the sale of intoxicating liquor on the premises. All of the lots which were originally sold contained the following restrictive provision against the sale of liquor:

"It is provided and covenanted with a covenant running with the land herein that if at any time said purchaser said Long Beach Development Company said Corporation as aforesaid its assigns or successors in interest or those holding or claiming thereunder shall with the knowledge or consent of the owner of said premises use or cause to be used or shall allow or authorize in any manner, directly or indirectly said premises or any part thereof to be used for the purpose of vending intoxicating . liquors for drinking purposes, whether said vending shall be directly or under some evasive guise, thereupon the title hereby granted shall revert to and be vested in the Long Beach Land and Water Company, and it or its successors and assigns shall be entitled to the immediate possession thereof provided that any *bona fide* mortgagee of said premises in case the foregoing covenant be broken shall have the option to at once claim and enforce the foregoing reservation for himself and for his own use and benefit as mortgagee, subject however to the foregoing covenant running against any further violation thereof otherwise the foregoing covenant shall have the same force and effect as if said proviso was not inserted therein."

The sale of lots progressed slowly. Willmore and Bixby became discouraged regarding the success of their enterprise. In 1884 they abandoned the project entirely. Their interest in the two subdivisions was purchased and acquired by succeeding realty corporations. December 31, 1884, the Long Beach Land and Water Company was incorporated and procured title to the 350-acre tract. Numerous lots were sold subject to the foregoing restrictive condition. The growing community was then named Long Beach. In the sale of certain lots from that tract, conspicuously in the deed to one site for a hotel, and in deeds to several other lots, the liquor

restriction was voluntarily omitted by the grantor. November 1, 1889, the unsold portion of the tract was conveyed to the Long Beach Development Company without the restrictive clause. The city then had a population of about 1500 inhabitants. In 1909 the charter of the Long Beach Land and Water Company was forfeited for nonpayment of franchise tax. It then owned no property. When this suit was commenced, the appellants were appointed trustees for the defunct corporation for the purpose of defending this action. So rapid was the development of Long Beach that in 1912 it had a population of 20,000 inhabitants. At present it has a population in excess of 150,000 inhabitants. Sixty per cent of the 350-acre tract included within the city is devoted to business enterprises.

The Eighteenth Amendment to the federal Constitution rendered it undesirable and unlawful for any owner of lots in that tract to sell intoxicating liquor. The subsequent repeal of that amendment and the rapid transforming of the village into a thriving city so changed the conditions in Long Beach that many owners of lots desired to be relieved of the liquor restrictions in their deeds. Many prospective purchasers of other lots refused to buy land in that tract subject to the restrictions. Numerous lots were sold without the restrictions. The restrictions with respect to several lots were voluntarily relinquished by the grantors.

Since the abolishing of the Eighteenth Amendment of the federal Constitution there has been a rapidly increasing demand for the use of the property in that district free from restrictions against the sale of liquor. Mr. Murphy, a police investigator of Long Beach, testified: "I would say there must be in the neighborhood of 900 licenses . . . issued [in the city]." In 1934 seven similar actions to quiet title as to this restriction were brought against these defendants by other property owners in that tract. In each case a decree was rendered and became final, holding this identical liquor restriction clause to be void and unenforceable. There has been general disregard of the restriction by other property owners in that district. Numerous owners of property in that district have violated the conditions in their deeds by conducting without opposition businesses for the sale of liquor on their respective premises. It appears that no effort

was ever made by the grantors to enforce the liquor restriction against the holders of titles to land in that tract.

This complaint to quiet title to lots 5 and 7 of block 40 in Long Beach was filed March 19, 1934. The trustees of the grantor, Long Beach Land and Water Company, answered the complaint, denying the material allegations thereof, and affirmatively alleging that by virtue of the liquor restriction in the plaintiff's deed, the defendants held a conditional reversionary interest in the property, and prayed that plaintiff take nothing by its action. The defendants also filed a cross-complaint, alleging that the plaintiff's deed was executed subject to the restrictive covenant running with the title; that the plaintiff had broken the covenant by knowingly permitting and causing the sale of liquor to be made on its premises, and praying that the title to said lots be declared to have been forfeited and to have reverted to the grantor. The answer to the cross-complaint denies the material allegations thereof, including the asserted violation of the liquor restriction, and affirmatively alleges that intoxicating liquor has never been sold on the premises, and that the grantor waived the restriction and acquiesced in open sales of liquors upon numerous other adjoining properties in the same tract, that the grantor voluntarily released the owners of several lots in said tract from the effect of the restriction, and by its acquiescence, conduct and the changed conditions of the property abandoned and lost the right to enforce the liquor clause or the right to enforce the reversion of title to the lots involved in this suit.

The court adopted findings to the effect that the plaintiff had never caused or permitted intoxicating liquor to be sold on the premises in question; that the Long Beach Land and Water Company, ever since the execution of the deed of conveyance to plaintiff, has permitted and acquiesced in open violation of similar restrictions contained in numerous other deeds to lots in the same tract of land within the city of Long Beach; that the grantor subsequently executed numerous other deeds to lots in that same tract without including therein the liquor restriction clause; that the grantor also voluntarily waived and released similar restrictions in other deeds to other lots in that tract which were both previously and subsequently executed, and that since the execution of the deed in question the character and use of the property

included in that tract in the city of Long Beach has so changed that it would be inequitable to enforce the condition in the deed or the provision for the reversion of title. Judgment was thereupon rendered in favor of the plaintiff, quieting title in it free from the liquor restriction, which restriction is held to be void and unenforceable.

The respondent contends that the restriction against the sale of intoxicating liquor, which is contained in the deed of conveyance, does not constitute a condition subsequent which runs with the title to the land. The clause of the deed which is involved in this case includes the following language: "It is provided and covenanted *with a covenant running with the land herein,* . . ." etc.

The intention of the parties, conveyed by clear and unambiguous language, is that the title to the property was to revert to the grantor in the event that the grantee or its successors in title sold or knowingly permitted the vending of intoxicating liquors on the premises. It is immaterial whether the restrictive clause be deemed to constitute a condition subsequent. ■ It is true that conditions which result in the forfeiting of title to land or property are not favored, and that they are strictly construed against the party in whose favor they are created. (*Cullen* v. *Sprigg*, 83 Cal. 56 [23 Pac. 222] ; sec. 1442, Civ. Code; 9 Cal. Jur. 340, sec. 200.) Reasonable, lawful restrictions with respect to the use of land may be enforced in accordance with the express provisions of a deed of conveyance therefor, and a condition subsequent providing for the forfeiture and reversion of the title to the grantor for the wilful violation of such conditions, under proper circumstances, is not repugnant to the granting clause of the deed. (*Childs* v. *Newfield*, 136 Cal. App. 217, 221 [28 Pac. (2d) 924] ; 3 Thompson on Real Property, 105, sec. 2018.) ■ It has frequently been held that a deed of conveyance to real property may lawfully include a binding provision against the sale of intoxicating liquor on the premises which may be enforced and that the violation of the restriction may result in a reversion of the title to the grantor when it is so provided. (*Burdell* v. *Grandi*, 152 Cal. 376 [92 Pac. 1022, 125 Am. St. Rep. 61, 14 L. R. A. (N. S.) 909] ; *In re Bangle*, 54 Cal. App. 415, 421 [201 Pac. 968] ; 9 Cal. Jur. 358, sec. 212; 1 Tiffany on Real Property, 2d ed., 289, sec. 81e; 3 Thompson on Real Property, 91, sec. 1998; 18 C. J. 361, sec. 377.)

In the present case there is an abundance of evidence to support the findings of the court to the effect that the plaintiff's grantor, Long Beach Land and Water Company, waived and abandoned the restrictive clause in its deed to lots 5 and 7 of block 40 of Long Beach, prohibiting the sale of intoxicating liquors on the premises, and that the right to declare a forfeiture and reversion of the title to said lots for violation of said restriction was thereby lost. The appellants now waive their claim to the right of reversion of title. The plaintiff was entitled to a decree quieting title in it to said lots free of the liquor restriction clause in the deed on the ground that the clause is unenforceable for the reasons that it was waived and abandoned by the grantor, and that the changed conditions of the property in question and the surrounding portion of the tract in which it is included since the execution of the deed render it inequitable to enforce the clause or to declare a forfeiture of the title.

It appears that the original promoters of the city of Long Beach, W. E. Willmore and J. Bixby, abandoned their project to establish a prohibition town in 1884, and then conveyed to the Long Beach Land and Water Company the entire remaining portion of the tract of land which is involved in this action, by a deed of conveyance free and clear of the restrictive liquor clause. It was evidently the purpose of the promoters of the city of Long Beach to establish a community in which the sale of intoxicating liquors would be prohibited. To accomplish that purpose it was intended that each deed should include a similar liquor restriction clause, for the violation of which the title to the respective lots would be forfeited and revert to the grantor. But this plan was abandoned.

The lots in question were deeded to the plaintiff by the Long Beach Land and Water Company soon after it acquired title to the 350-acre tract. The liquor restriction clause was included in plaintiff's deed, and in compliance therewith intoxicating liquors were never sold on the plaintiff's premises. But the same grantor sold numerous other lots in the same tract under similar circumstances, deliberately omitting from these deeds the liquor restriction clause. With respect to other lots in the same tract, in the deeds to which this same liquor restriction appears, the grantor subsequently voluntarily waived and relinquished that condition and affirmatively authorized the sale of intoxicating liquors on such

premises. With respect to other lots in the same tract, in the deeds to which the same liquor restrictions were contained, the grantor knowingly permitted the sale of intoxicating liquor on such premises in violation of those conditions. So general and prevalent did the sale of intoxicating liquor become in the city of Long Beach, that by 1934 there were issued therein 900 licenses to sell intoxicating liquors. In 1934 seven other similar actions to quiet title to other lots in that tract were prosecuted to final judgment against these defendants, in each of which it was determined that the liquor conditions in the deeds were void and unenforceable. There is no reasonable doubt from this record, together with the necessary inferences therefrom, that the grantor of these lots waived and relinquished the right to enforce the liquor restriction clause of this deed by the conduct which was pursued by it with respect to other adjacent similar lots constituting a portion of the same tract and plan.

When the conditions affecting a restrictive use of land have so changed as to defeat the purpose of the restriction and it has therefore become inequitable to enforce the restriction, the owner may be relieved therefrom in a proper proceeding. (*Friesen* v. *City of Glendale*, 209 Cal. 524 [288 Pac. 1080]; *Hurd* v. *Albert*, 214 Cal. 15 [3 Pac. (2d) 545, 76 A. L. R. 1348]; *Hanna* v. *Rodeo-Vallejo Ferry Co.*, 89 Cal. App. 462 [265 Pac. 287]; 4 Thompson on Real Property, 556, sec. 3438; 9 Cal. Jur. 367, sec. 219; 18 C. J. 400, sec. 465.) It is said in the authority last cited in that regard:

"Equity will not as a rule take cognizance of a violation of a restriction where, by reason of a change in the character of the neighborhood not resulting from a breach of such conditions, it would be oppressive and inequitable to give the restriction effect."

Where the compliance with a restrictive clause in a deed would tend to create or maintain a monopoly in an enterprise or business, a court of equity will not enforce the provision. Under such circumstances, a breach of the condition will not result in a forfeiture of title. (*Burdell* v. *Grandi, supra;* 9 Cal. Jur. 358, sec. 212.)

In this case the grantor waived its right to enforce the restriction by abandoning its original purpose of prohibiting the sale of intoxicating liquor within the tract of land comprising the city of Long Beach by consenting to waive the restriction with relation to numerous other adjacent lots

within the district, by subsequently selling many lots, in the deeds to which the restriction was voluntarily omitted, and by failing for many years to attempt to enforce the restrictions against other owners of land in that tract. This conduct on the part of the grantor constitutes an acquiescence in the violation of the restriction and a waiver of the right to enforce it. ██ A grantor may waive the right to enforce a restriction with respect to the use of land by his acts and conduct, and thus estop himself from asserting its future validity. (*Los Angeles & Arizona Land Co.* v. *Marr,* 187 Cal. 126, 133 [200 Pac. 1051]; *Childs* v. *Newfield,* 136 Cal. App. 217 [28 Pac. (2d) 924]; 9 Cal. Jur. 377, sec. 227; 4 Thompson on Real Property, 547, sec. 3429; 1 Tiffany on Real Property, 2d ed., 295, sec. 83; 18 C. J. 377, sec. 430.) It is said in the last-cited authority in regard to the defense of waiver of a restrictive condition in a deed:

"A condition may also be waived or a forfeiture saved not only by express agreement, but also by acts showing an intention to continue the estate in the grantee, or voluntarily to forego the benefits of the condition, especially where the grantor's declarations, conduct, or failure to act when he ought to act have been at variance or inconsistent with his right to enforce the forfeiture or have so continued for a long period of time."

In 2 Tiffany on Real Property, second edition, page 1452, section 401, it is said regarding the same subject:

"The right to enforce a restrictive agreement may be lost by laches or acquiescence. . . .

"In the case of restrictions imposed in pursuance of a general plan, that the originator of the plan, the common grantor, acquiesces in, that is, fails to take legal action to prevent, substantial infringements of the plan by some of his grantees, has been regarded as showing an abandonment by him of the plan, precluding him from subsequently enforcing the restriction as against others."

For the foregoing reasons the judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.